CITY OF MERIDIAN v. MARGARET E. HIGGINS.

MUNICIPALITIES.    *Opening Street.    Excavations.    Damages.*

    The measure of damages for which a city is liable to a landowner along whose property a street is opened and the earth therein excavated, leaving the surface of the land higher than the grade of the street, is the difference between the market value of the property with the new street and without it; and the city is not entitled to set off the benefits resulting from the improvement which is shared by the owner in common with the public.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Mrs. Higgins, appellee, was plaintiff in the court below, the City of Meridian, appellant, was defendant there.    The facts were these: Mrs. Higgins owned land in the city of Meridian bounded on the east by Thirty-Third avenue and on the west by Thirty-Fifth avenue.    The city opened a street along the south line of her property, called " Seventh Avenue," and in doing so

excavations were made from the southeast corner to the southwest corner of the lady's property. She brought this suit to recover damages alleged to have been done her property in making the excavations. The edivence showed that there was a gradual rise in the lot from the east toward the west to about the middle, and then the land sloped downwards to the west side, the excavation near the middle of the lot was about 13 feet deep; there were several small tenant houses along an alley on the south side of the lot, where the street was opened, which were rented by plaintiff to tenants; and access to these houses was easy before the excavations were made, after which they could not be rented to advantage, the tenants all having left shortly after the street was excavated. Several witnesses testified that the property was worth from $6,000 to $7,500 before the excavations were made, and only about $3,500 to $4,000 afterwards. The evidence as to whether any damage resulted from the excavations, and as to the amount of damage, if any, was conflicting. It was shown that the surface water collecting on the property east of appellee's property ran down Seventh avenue, and washed ditches near Mrs. Higgins' land, and caused it to cave, and ran over part of her property after the excavations were made, but not before.

The court instructed the jury that, if they believed the excavation made on Seventh avenue damaged plaintiff, they should find for plaintiff, and assess her damages at what they believed from the evidence would justly compensate her for such damage, and the city was not entitled to set-off against the damages to plaintiff's property any general benefits that may have accrued to plaintiff and other abutting owners along Seventh avenue by reason of the opening up of the street. There were verdict and judgment for plaintiff for $1,500, and the city, defendant, appealed to the supreme court.

*Miller & Baskin*, for appellant.

Without the words "or damaged" in our constitution, it

will be conceded that it is well settled that under a constitutional provision guaranteeing that private property should not be "taken" for public use without compensation, a city is not liable for consequential damages caused by an authorized change in the grade of a public street when private property is not actually encroached upon, although it might be injured in its use. We cite a few of the authorities on this proposition: *Northern Transp. Co.* v. *Chicago*, 99 U. S., 635; *City of Kokomo* v. *Mayhan*, 100 Ind., 242; *Smith* v. *City of Eau Claire*, 78 Wis., 457; *Selden* v. *City of Jacksonville*, 29 Am. St. Rep., 278, and note 298.

We find that the states of Alabama, Illinois, Georgia, Pennsylvania and Missouri have constitutions precisely like ours, and a great many authorities are found in the case of *O'Brien* v. *Philadelphia*, construing said constitutional provision referring to this subject of damage. The court will find collated the authority on constitutional provisions against damaging property, in *O'Brien* v. *Philadelphia*, 30 Am. St. Rep., 837.

There is also quite a number of authorities collated on the question as to what constitutes damages, and these will be found on page 840 of 30 Am. St. Rep., which we herewith submit to the court for its investigation.

The trend of the authorities will, also, as we think, demonstrate that a recovery cannot be had for every injury done by a city which undertakes to discharge its duty by improving its highways, and on page 843 of this 30 Am. St. Rep., the authorities will be found announcing the rule.

The next question embraced is, what is the measure of damages in cases of this class, and the following rule has been declared by a great many courts as to the proper method of measuring damages, namely: that when property is damaged by reason of the grading of a street upon which it abuts, so as to entitle the property owner to recover under the constitutional guaranty that private property shall not be damaged without compensation, the measure of the recovery in conse-

quential damages is the difference in the market value of the property with the improvements, and that without it, not considering, of course, general benefits or injuries shared by the public in general. *City of Denver* v. *Bayer,* 7 Col., 113; *Lehigh Valley Coal Co.* v. *Chicago,* 26 Fed. Rep., 415; *Chambers* v. *Southchester,* 140 Pa. St., 510; *O'Brien* v. *Philadelphia,* 30 Am. St. Rep., 845, note.

The damages must be measured by the pecuniary loss, and if the property is benefited as much as damaged by the change of grade in the abutting street, there can be no recovery. *City of Elgin* v. *Eaton,* 83 Ill., 535 (25 Am. Rep., 412).

In the case of *Moore* v. *City of Atlanta,* 70 Ga., 611, the court says: that "If any owner of property be damaged by the grading of a street, so as to lessen the pecuniary value of his property, he may recover damages for such injury to his freehold. That damage will be measured by the decrease in the actual value of the property. If the value, pecuniarily, be not decreased, he can recover nothing. If it should have been decreased in value as a mere residence, without regard to the improvement of access, made by the grade of the street, and yet this improvement and the increased value thereby produced equaled the inconvenience or discomfort of the house as a mere residence, then the one could be a set-off against the other, and no recovery could be had. In other words, the right of recovery would turn in each case on the diminution in the pecuniary or market value of the property caused by the grade. *City of Atlanta* v. *Green,* 67 Ga., 386; *Stringer* v. *City of Chicago,* 135 Ill., 553; *Lowe* v. *Omaha,* 33 Neb., and other cases found at the bottom of page 845 of the note of *O'Brien* v. *Philadelphia,* 30 Am. St. Rep.

It is stated in said note that all the cases there collected, holding that in such a case the effect on the market value of the whole property should be considered, and not merely such effect on a part of it. If one part of the property is specially benefited and the value of the whole is not diminished, then there

is no damage done, and no recovery can be had.   While the measure for damages is the difference in the market value of the abutting property before and after the grading is done, yet only the injury resulting directly from the improvement itself, and not subsequent injuries or annoyances can be considered in estimating the damages.   *Montgomery* v. *Townsend,* 84 Ala., 479; *Lehigh Valley Coal Co.* v. *Chicago,* 26 Fed. Rep., 412.

Again we find the following language in Mr. Freeman's note in 30 Am. St. Rep., namely: "It is not the damages to a part of the property considered separately from the rest that you are allowed to assess, but the damages, if any, in the property as an entirety, by reason of the construction of the viaduct, that are to be taken into consideration.   It is inadmissible to say that any portion of the property is injured as a distinct and separate parcel from any portion benefited, and partial effect is not to be considered, but the whole effect, and the effect not only upon any selected part of the property, but upon the whole property."   *O'Brien* v. *Philadelphia,* 30 Am. St. Rep., 846.

*R. F. Cochran,* for appellee.

The jury returned a verdict of $1,500 damages for appellee. The verdict is amply supported by the evidence of the witnesses as detailed from the witness stand, but, if this were not true, the judgment of the court below ought to be affirmed for the reason that the jury under the direction of the court had a view of the premises.   What they observed while taking this view was proper evidence to be taken into consideration by them in reaching their verdict.   If there was any evidence to support their verdict which taken in connection with the evidence that was obtained when viewing the premises, their verdict ought not to be set aside on the ground that it is contrary to the evidence.   *Mitchell* v. *Coal Co.,* 85 Ill., 566; *Culbertson* v. *City of Chicago,* 111 Ill., 651; *Sanitary Dist.* v. *Culbertson,* 147 Ill., 385 (35 N. E., 723); *Railroad Co.* v.

*Schneider*, 127 Ill., 144 (20 N. E., 41; 2 L. R. A., 422); *Davis* v. *Railroad Co.*, 170 Ill., 595 (48 N. E., 1058): *Cook & Rathbone Co.* v. *Sanitary Dist.*, 177 Ill., 599 (52 N. E., 870.)

Our constitution secures to the property owner the right to compensation when his property is damaged in the same terms as when it is actually invaded and taken.

The rule is established in Mississippi by repeated adjudications and legislative enactments what benefits of no character, whether direct, special or general, can be set off against damages. *Brown* v. *Beatty*, 34 Miss., 227; *Isom* v. *Miss. Cent. R. Co.*, 36 Miss., 306; *Penrick* v. *Wallace*, 37 Miss., 172; *New Orleans, etc. R. Co.*, v. *Moye*, 39 Miss., 374; *Macon* v. *Patty*, 57 Miss., 397 (annotated code, § 1690).

Calhoon, J., delivered the opinion of the court.

Here was an actual invasion of plaintiff's property at different times during several years to make excavations. Her property line invaded was to the middle of the private alley on her south line. There was special damage to her, and the measure of her right of recovery is "the difference in the market value of the property with the improvement, and that without it, not considering general benefits or injuries shared by the public in general." Freeman's note to *O'Brien* v. *City of Philadelphia* (Pa.), 30 Am. St. Rep., 840, 845 (s. c., 24 Atl., 1047). This difference must be at or about the time of the damage wrought, and may not be offset by future increase in the value of some of her property on the same lot, in common with the public, because of the improvement of the new street. She was manifestly specially damaged. The jury viewed the premises, heard the varied testimony as to damage, and found for her under instructions fairly presenting the case. In a record presentment, such as that before us, the amount of recovery cannot be gauged by the chance increase of value in the future to the community. If this were true, damages

could be increased because of decrease in the fluctuations of local general values which the grading and excavation might produce.

*Affirmed.*