YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* MINOT H. ROBERTS.

[40 South. Rep., 481.]

1. JURY.  *Voir dire.  Punitive damages.*

A plaintiff, suing for punitive damages, may enquire of jurors on their *voir dire* if they be opposed on principle to the infliction of such damages under any state of facts.

2. RAILROADS.  *Kicking switch.  Code 1892, § 3548.  Contributory negligence.*

A plaintiff, permitted to enter a passenger train standing at the railway station in a municipality and subsequently injured by the making of a "kicking switch" is not because of so entering precluded by contributory negligence from a recovery, under Code 1892, § 3548, making it unlawful for any railroad company to switch a railroad car within the limits of a municipality in the manner known as "a flying, running, walking or kicking switch."

3. SAME.  *Injury to passenger.  Proximate cause.*

Where a car upon which plaintiff was a passenger was unlawfully "kicked" onto a sidetrack, violently colliding with another and injuring the plaintiff, the "kicking" was the proximate cause of the injury, although the brake beam of the car, being broken in the movement, failed to avoid the mishap.

4. SAME.  *Punitive damages.  Question for jury.*

In an action against the railroad company by a passenger, injured by the unlawful switching of railroad cars "in the manner commonly known as a 'flying,' 'running,' 'walking,' or 'kicking' switch," Code 1892, § 3548, the plaintiff is entitled, on proper pleadings, to have the question of punitive damages for gross negligence submitted to the jury.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Minot, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The plaintiff took passage on a regular passenger train of the defendant at its usual stopping place at the station in Yazoo City. The time of departure had arrived, but the train was standing still when plaintiff boarded it. After he had gotten on the coach the railroad company began to switch the coaches of the train, and in doing such switching the passenger coach in which plaintiff was seated as a passenger was switched by a "kicking switch" onto a spur track. The brake bar broke and the car came in violent contact with a baggage car which had previously been set out on said spur track, and by the force of such contact plaintiff was thrown to the floor and suffered the injuries for which he sued. The mishap occurred within the corporate limits of Yazoo City.

When the jury was being impaneled, counsel for the plaintiff proceeded to examine each juror on the subject of his personal opinion as to the infliction of punitory damages. The counsel for the defendant excepted to the action of the court in permitting counsel for the plaintiff to propound the following questions to the jurors (the one mentioned in the opinion as being "finally propounded"), as follows:

*Q.* (by counsel for plaintiff): Mr. Juror, I will explain to you that "punitive damages" means this: It means that if the proof shows that the railroad company in this instance has been guilty of gross negligence, willfulness, or recklessness in the handling of its train, then the law is that the jury may, if they see fit, impose punitive damages; that is, in the way of punishment to the railroad company to prevent it from act-

ing in a similar way again. Would you allow such damage if the proof justified it in this case?

Each juror responded that he would be governed by the instructions of the court.

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

If the sort of preliminary examination of jurors indulged in this case be allowable, then it cannot be denied that on the impanelling of every jury it would be proper for both the plaintiff and the defendant to examine each juror as to his personal inclination in favor of or opposition to each and every legal principle, or form of alleged or denied liability, which may be brought into view by the case to be tried. The preliminary examination of the jury is not designed to afford an opportunity to counsel to indulge in such inquisitorial searches.

If it be taken as established by the verdict of the jury that the coach on which the plaintiff was, was kicked into the spur within the limits of an incorporated town, etc.; yet it is also true that the uncontradicted evidence for the defendant shows that the proximate cause of the plaintiff's injury was, not the kicking in of the coach in which he was, but the unexpected breaking of the brake rod, the coach and the rod having been duly inspected only the evening before by the regular inspector and found to be in good condition so far as could be discovered.

The case under this head falls exactly within the rule of *Railroad Co.* v. *Smith,* 67 Miss., 15 (s.c., 7 South. Rep., 212), in which it was held that even where the plaintiff had made out his *prima facie* case so as to devolve on the railroad company the necessity for exculpation from negligence, if the testimony for the railroad company is then such as to exonerate the defendant from blame and is not in conflict with the evidence of the plaintiff, then the defendant is entitled to a peremptory instruction. Such was the case here.

As pointed out above, we may grant all that the plaintiff's

witnesses testify, which amounts to no more than that the coach was kicked in on the sidetrack within the limits of an incorporated town with considerable force; and yet it remains true that the uncontradicted testimony for the defendant (and indeed of one of the plaintiff's own witnesses) shows that the proximate cause was the breaking of the brake rod, and that if such rod had not broken the injury would not have occurred. *Railway* v. *Carter,* 77 Miss., 511 (s.c., 27 South. Rep., 993).

No testimony in the case justified the giving of the instruction authorizing the jury to assess punitive damages. *Hogan* v. *State,* 46 Miss., 274; *Cooperative Association* v. *McConnico,* 53 Miss., 233; *Kinnaire* v. *Gregory,* 55 Miss., 612; *Adams* v. *Power,* 48 Miss., 450; *Phillips* v. *Cooper,* 50 Miss., 722; *Parker* v. *State,* 55 Miss., 414; *Coleman* v. *Roberts,* 58 Miss., 136; *Railroad Co.* v. *Scurr,* 59 Miss., 456; *Railroad Co.* v. *Scanlan,* 63 Miss., 413; *Railroad Co.* v. *Minor,* 69 Miss., 710 (s.c., 11 South. Rep., 101); *Railroad Company* v. *Lanning,* 83 Miss., 161 (s.c., 35 South. Rep., 417).

*Henry, Barbour & Henry,* for appellee.

The plaintiff, presenting a case where he made claim that the question of punitive damages should go to the jury, had a right to know of each member if he were so opposed to that principle of the law that he would not be governed by the instruction of the court.

A proximate cause, as we understand the law, as construed in *Meyer* v. *King,* 72 Miss., 1 (s.c., 16 South. Rep., 245); *Robinson* v. *Gage,* 27 South. Rep., 998; *Illinois, etc., R. R. Co.* v. *Wooley,* 77 Miss., 927 (s.c., 28 South. Rep., 26); *Railway Cook* v. *Rooks,* 78 Miss., 91 (s.c., 28 South. Rep., 821), is one that operates to produce particular consequences without the intervention of an independent unforseen cause, without which the injury would not have occurred. What independent unforseen cause of the injury to the plaintiff intervened?

Nothing after the "kicking" of the car ever intervened to cause the injury to plaintiff, but there did occur after the kicking not an intervening cause of injury, but simply a failure (or inability) by the breaking of the rod to prevent the consequent injury to plaintiff by the kicking of the car. And this failure or inability to prevent the injury consequent upon the defendant's flagrant and admitted wrong done to the plaintiff was caused by the defect (not discovered by the car inspector, it may be) in the appliance, which the defendants admitted, was necessary for them to use, and in fact unduly tax, and the sudden and severe strain on which would not have occurred or been necessary but for the manner in which the car was kicked, or but for the defendant's negligence. We had as well say that the striking of the car against the baggage car was the proximate cause, instead of the kicking of the car.

TRULY, J., delivered the opinion of the court.

In the indefinite state of this record we are unable to say that the ruling of the court in permitting the question objected to to be propounded to the prospective jurors upon the *voir dire* examination was prejudicial error. It does not certainly appear that the objectionable question was answered by but one of the jurors, or if answered by the others the record is silent as to what their response was, and for naught that appears to the contrary it may have been favorable to the appellant. We see no objection to the question finally propounded to the jurors after the first question had been by consent of the court withdrawn. Parties to a litigation have the right for their guidance in the exercise of their peremptory challenges to ascertain the mental attitude occupied by the individual jurors towards the vital question involved in the controversy. One suing in damages, and predicating right of recovery on the theory that the defendant is liable to the infliction of punitory damages, has the right to ascertain by proper inquiries, not

whether the juror will award punitory damages under any given state of facts, but whether he is opposed on principle to the awarding of punitory damages under any state of facts. The same privilege upon the converse of the proposition belongs to the defendant. He may in a proper way probe the mind of the juror to enable him to determine advisedly his selection of the juror, to learn whether he is prejudiced or biased in any way, or whether he will be guided by the law announced by the court in assessing damages, should such be legally allowable.

We are unable to agree with the contention of the appellant that it was entitled to a peremptory instruction upon the theory that its negligence was not the proximate cause of the injury complained of. Some confusion has crept into the books with regard to what constitutes the proximate cause of injury where more than one cause or element of negligence contributes to the accident. It is at best, generally, a difficult question to determine which concurring act is the remote, and which is the proximate, cause. The instant case, in our judgment, however, furnishes no problem of difficult solution in this regard. The action which made the accident possible was the kicking switch. This was the negligent act originating the train of circumstances culminating in the injury. Had there been no kicking switch, no injury could have happened, even though everything else had transpired in its proper sequence subsequent to the switching and prior to the injury. The breaking of the brake bar did nothing to increase the danger of accident. This was simply a failure on the part of one of the mechanical appliances to avoid the accident, made possible by the original negligence in making the kicking switch.

We think the contention of appellant that under no view of the facts of this case was punitory damages recoverable is unsound. In the light of this record we are constrained to say that there were enough elements of recklessness in the handling of this passenger coach, known to be occupied by

passengers, to authorize the submission to the jury of the question whether said conduct did not in their judgments constitute gross negligence.    The instructions for appellee complained of do no more. .

Nor do we think that the fact that the passengers boarded the train before the train was ready to start upon its run such negligence as could debar them of recovery.    They were prospective passengers, the schedule time for the departure of the train had arrived, the coach was on the track ready for their reception, and they were permitted to board the train with the knowledge and tacit acquiescence of the employes in charge. We think these facts establish the relation of carrier and passenger.    At most, it can but be said that in so boarding the train they were guilty of "mere contributory negligence," and this is not sufficient to defeat a recovery where the injury is caused by a kicking switch made within a municipality, as was the case in the instance here under review.    Section 3548, Code 1892.

*Affirmed.*