MERRIN v. DE SOTO COUNTY.

[70 South. 348.]

1. EMINENT DOMAIN. *Alteration of highway. Damages to abutting owners. Set-off of benefits.*

   Where in altering a public highway it was lowered to such a depth that it made it necessary for plaintiff to construct a new approach from the highway to his residence, he was entitled to recover at least the cost of constructing such new approach.

2. SAME.

   In such case the county could not offset plaintiff's damages by the benefits accruing to plaintiff because of the improvement of the highway, where such benefits were such as were received by the general public and no more.

APPEAL from the circuit court of De Soto county.
HON. N. A. TAYLOR, Judge.

Suit by F. R. Merrin against De Soto county. From a judgment for defendant, plaintiff appeals.

Appellant was plaintiff in the court below, and appellee was defendant. An action was brought for damages to appellant's property by reason of the construction of a road past his premises, which it is alleged damaged his property, and especially the approach to his residence, since the road had been lowered to such a depth that it made it necessary for the appellant to construct a new approach from the highway to his residence. The defense set up by the county is that the plaintiff has really been benefitted by the construction of the road more than he has been damaged, since his property has enhanced in value. The case was submitted to a jury, and a verdict returned for the county, and, from a judgment for defendant, plaintiff appeals.

*Lauderdale & Lauderdale* and *L. J. Farley*, for appellant.

*R. L. Dabney*, for appellee.

Cook, J., delivered the opinion of the court.

All of the evidence in this case shows that appellant was damages by the alteration of the public road abutting on his premises. All of the witnesses agreed that it would cost something to restore the *status quo*.

At the very least, a peremptory instruction should have been given for plaintiff, appellant here, telling the jury that they should allow the plaintiff such sum as would be necessary to reconstruct the roadway leading from the public highway into plaintiff's premises.

The alleged benefits to plaintiff because of the improvement of the highway were such benefits as were receivd by the general public, and no more, and this, of course, will not serve to offset his claim of damages.

*Reversed and remanded.*