GRAHAM *v.* COVINGTON COUNTY ET AL.

[70 South. 825.]

EMINENT DOMAIN. *Highway. Change of grade.*

> Where the commissioners of a highway district acting under the authority conferred by Acts 1910, chapter 149, with the approval of the board of supervisors, established a new grade for a highway running in front of plaintiff's property by cutting down the old grade from three to six feet thus destroying the entrance and exit to plaintiff's residence, plaintiff who had made his improvements in reference to the old grade was entitled to recover damages against the county but not against the commissioners individually.

Appeal from the circuit court of Covington county.

HON W. H. HUGHES, Judge.

Suit by Leon Graham against Covington county and others. From a judgment sustaining a demurrer to plaintiff's declaration, he appeals.

The facts are fully stated in the opinion of the court.

*E. L. Dent,* for appellant.

From the facts as alleged in the declaration, which the demurrer admits, in the first count it is evident that appellant's private property was damaged for public use without due compensation having been first made, and in the second count it is evident that appellant's private property was taken without due compensation having been first made; the defendants herein acting for and on behalf of the county in so taking and damaging appellant's property and section 4404 of the Code of 1906, says that such damages shall be paid out of the county treasury and as chapter 149 of the Acts of 1910 makes the commissioners an adjunct or arm of the county through and in connection with its board of supervisors, it is manifest that not only the county but the parties through whom it primarily acts should be made joint defendants as was done in this case.

The board of supervisors represented the county, and while the defendant commissioners represented the district they are wholly under the supervision and control of the board of supervisors.

As the only question to be determined in this controversy is: Does the declaration state a cause of action against the defendants?—and on this point the case of *Rainey* v. *Hinds County,* reported in 78 Mississippi 308, is referred to, and as that case is on all-fours with the case at bar, in the language of Justice Terrell, speaking for this court: "I think the plaintiff has brought himself within the letter and spirit of our constitution and statutes upon the subject." In noticing the Rainey case,

however, as it was before this court the second time, see
79 Mississippi 238. I am impressed that the case at bar is
much stronger than that case, because there the "damage
was the work solely of the overseer." In the case at bar
the plans and specifications, or in other words, the sur-
vey and estimate as made by the engineer and approved
by the defendant commissioners, and the defendant com-
missioners reported the same to the board of supervisors,
whose duty it was to order the clerk to file the same among
the records of the office and spread the same on the min-
utes of the board, and make an order adopting said sur-
vey, an estimate, so reported and adopted by such commis-
sioners, all of which was done and instead of the board of
supervisors rejecting the survey and estimate of the engi-
neer and commissioners they thought proper to ratify the
same and thereby made the county liable for all damages
resulting from the afterwards damaging and taking ap-
pellant's property.

Certainly if the defendants herein were proceeding to
damage and take appellant's private property for public
use in an unauthorized way and over the appellant's pro-
test, the appellant ought to recover.

In the case of *Illinois Central Railroad Co. et al.* v. *State
ex rel., Dist. Attorney,* reported in 48 So. 561, this court,
through Justice Mayes, among other things said: "Sec-
tion 17, article 3, of the constitution of 1890 stands as a
sentinel guarding the right of the private owner of prop-
erty not to have same taken or damaged for public use,
except upon due compensation being first made to the
owner, however small may be the value of that taken, or
slight may be the damage; and this is true, whether the
taking or damage is at the instance of a municipality,
county, or other person or corporation possessing eminent
domain powers. The importance of this section of the
constitution as affecting the welfare of the citizens of the
state cannot be too strongly emphasized."

I respectfully maintain that the declaration or either
one of the counts therefore state a cause of action, and

that the court erred in sustaining the demurrer and dismissing the cause, and for this error by the court below, the demurrer should be overruled by this court and the cause reversed and remanded.

*W. U. Corley,* for appellee.

If chapter 149 invites the road commissioners to have roads graded, and it certainly does, then no liability attaches to the county because there acts are within the statute. If they were not acting within the statute, then no liability attaches to the county for the wrong of these district officers.

Appellant contends that section 5, chapter 149, Acts of 1910, means that when the commissioners and the engineer survey and lay out a road, that it must be a road already laid out and established. It would be impossible to lay the foundation of a house that was already laid. So it was certainly not contemplated by the legislature that a civil engineer could not lay out a public road and a commissioner adopt his survey unless he follow the meanderings of an already established road. However, we do not see the importance of this argument here, when as a matter of fact the so called "change and alteration" consisted of lowering the grade. Appellant contends in the second paragraph of page 3 that a road cannot be constructed and maintained until it is first laid out, located and established. He contends further that this act makes no provision or suggests any scheme or makes any intimation whereby a road could be laid out, located and established, or even altered or changed. Section 5 specifically provides who may survey and lay out roads and that the commissioners are specifically authorized to reject or adopt. Now it will be borne in mind by this court, that section 4400 of the code has no reference to the lowering or raising of grades when it uses the words "altered or changed," and therefore all have complied with the special act, and no liability attaches to Covington county.

With reference to appellant's declaration to the word "Construct," the authority cited certainly has no weight here. This was no railroad they were building and they were not bound by any charter requiring them for a certain point of beginning, a specified country to traverse, or a designated termini.

.The case of *Rainey* v. *Hinds County*, 78 Miss. 308, is quite a different case from the case at bar. There the board of supervisors building roads under the Code of 1892 was acting for the county, and if at all, by a direct taxation on all of the county alike. This case is a specified part of the county working under a different act from the remainder of the county. While we are on this point, permit us to say that districts one, two and three of Covington county are all working separately; each having expended about fifty thousand dollars for road construction. Now would it be right, if district one committed a grevious tort, and then required districts two and three to be taxed additionally to pay district one's wrongs? Or go further, and require districts four and five working under still different systems to be taxed to pay for the torts of district one? We think not. Now let it be borne in mind that this Rainey case while decided adversely to the county on the pleadings again came into this court (79 Miss. 238), that the road was badly constructed and that this was called to the attention of the board and that the board refused to intervene, still this court held that the county was not liable.

It is true that the constitution guarantees that private property shall not be taken without due compensation. It also is true that the innocent are not to be made to suffer for the wrongs of wrongdoers. So that, if appellant has been wronged, a redress is usually provided for every wrong, and perhaps appellant has such a redress at his command, if he has been injured, but we do not think that liability attaches to Covington county, and feel confident that neither count of appellant's declaration states a cause of action against the county.

Holden, J., delivered the opinion of the court.

The appellant, Leon Graham, plaintiff in the circuit court below, filed his declaration against Covington county and three other defendants, appellees here. A demurrer was filed to the declaration, and was sustained, from which action of the court the plaintiff appealed. The declaration contains two counts, and in substance states a cause of action as follows:

The plaintiff, Leon Graham, in November, 1913, owned certain land upon which his home was built, and on which he resided with his family; that through, over, and across said land was a public highway with established grades; that the plaintiff had made certain improvements on the land adjacent to this public road, such as his dwelling house, barn, and other builidngs, and had situated thereon also his garden, well, woodyard, sheds, gates and other conveniences in and about his residence and adjacent to this public highway, all of which were established in accordance with the grade and surface level of the public highway. This land was in supervisor's district No. 1, which had come under chapter 149, Acts 1910, in reference to building, constructing, and maintaining public roads in this district. The defendants O. C. Conner, W. A. Sanford, D. L. Coulter were appointed by the board of supervisors of said county, acting under said chapter 149, Acts 1910, highway commissioners of said district; that said highway commissioners having full jurisdiction over the said public highway running across plaintiff's land, acting under the authority and approval of the board of supervisors of the county, caused a new grade to be established in this public highway in front of plaintiff's residence whereby the said public road was cut down in grade from three to six feet, thereby destroying the entrance and exit to plaintiff's residence, and causing him to suffer other great inconvenience in the use of his property there situate; that the said cut and alteration in the grade was unreasonable and unnecessary in the construction of said

road, and damaged the property of plaintiff; that said
cut and alteration of the grade was made according to the
plans and specifications adopted by the highway commis-
sioners acting under, for, and with the approval of the
board of supervisors of the defendant county—all of
which damaged the plaintiff in the sum of two hundred
and fifty dollars.

We think the court below committed error in sustaining
the demurrer to plaintiff's declaration, as it states a good
cause of action against the county, but not against the
other defendants. It seems to us that this case clearly
comes within the rule announced in the case of *Rainey* v.
*Hinds County,* 78 Miss. 308, 28 So. 875.

*Reversed and remanded.*