E. S. LINGO, Appellant, v. PAGE COUNTY et al., Appellees.

**HIGHWAYS:** Improvement—Interference With Ingress and Egress. A highway improvement which compels a property owner to travel slightly farther in going to and from his farm may not be said to interfere substantially with his right of ingress and egress.

**Headnote 1:** 29 C. J. p. 548 (Anno.)

*Appeal from Page District Court.*—TOM C. WHITMORE, Judge.

APRIL 6, 1926.

ACTION in equity, to enjoin the maintenance of a highway embankment, and to prevent the defendants from depriving plaintiff of the right of ingress to and egress from his premises. The facts are fully stated in the opinion. There was a decree dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Paul L. Millhone* and *Mattox & Clovis,* for appellees.

STEVENS, J.—The incorporated town of Norwich is located near the southeast corner of Section 29, Township 69, Range 38, Page County. In 1921, the board of supervisors of said county established, as a part of Primary Road No. 3, locally known as Waubonsie Trail, a new route on the section-line between Sections 29 and 32, Township 69, Range 38, from a point near the intersection of a north and south highway on the west section line to a point several hundred feet east, to intersect with a long established portion of said highway. The right-of-way tracks and depot grounds of the Chicago, Burlington & Quincy Railroad Company are situated to the southwest of Norwich, and the track extends in a northwesterly and southeasterly direction, curving slightly toward the southwest, and crossing a portion of appellant's farm. The railroad right of way crosses the section line not far east of the depot, which is situated west and southwest of Norwich.

Prior to the establishment of the new road on the section line at the point referred to, the highway ran a short distance

to the northeast, past the Burlington depot, and then curved to the southeast, intersecting the old highway near the point where a heavy fill was placed on the new road. The curved portion of the highway was vacated when the new road was established. A bridge or viaduct 278 feet long, the floor of which is 26 feet above the top of the track, was constructed across the railroad right of way in 1923, as a part of the new highway. Fills or embankments were erected at each side thereof, as approaches to the viaduct, the fill on the west being 500 feet, and the one on the east about 200 feet in length.

The plaintiff, appellant herein, is the owner of the northwest quarter of Section 32, which abuts upon the new highway. There are three residences on the north side of appellant's farm, one fronting west on the north and south road on the west section line, one about 40 rods east thereof, and another, a two-story modern residence, which, with the other near-by buildings, constitute the main improvements on the quarter. The latter residence is about 50 rods east of the west section line. The middle residence is situated about 100 feet south of the highway, and the main residence about 300 feet south thereof. The highway at the point in question was completed prior to the trial of this case in the court below. In 1922, appellant filed in the auditor's office a claim against Page County for damages in the sum of $10,000. This claim is based upon the alleged damages to his premises by reason of the heavy grade constructed on the highway, which obstructs his view to the north, and of the town of Norwich, and upon the further ground that the improvement resulted in depriving him of the use of his property without due process of law, in violation of the Constitutions of the state of Iowa and of the United States. This claim for damages filed by appellant does not appear to have ever been acted upon by the board of supervisors.

The relief sought in this action is not in all respects clear; but, as we interpret appellant's pleading and the argument of counsel, it is not an action to recover damages, but a proceeding to restrain the maintenance by the county of the embankment or grade in the highway until such time as proper condemnation proceedings may be had to condemn the property of appellant taken for the improvement, and to adjust the damages therefor.

The real point argued by counsel, and the one upon which, as we understand it, they mainly rely, is that appellant's right of ingress to and egress from his premises was greatly diminished, if not entirely destroyed, by the heavy grade constructed in the highway, and that such right cannot be taken or destroyed for a public improvement without compensation. It appears without conflict in the evidence, not only that ingress to and egress from appellant's premises were fully preserved, but that the route was not substantially changed. Prior to the grading of the new highway, ingress to and egress from appellant's premises were over a driveway to the north, across the right-of way and tracks of the Burlington Railroad Company. The only change in the route is that which results from the construction of the viaduct, or overhead highway crossing. The driveway now passes over the right of way and tracks of the railroad company through the trestleworks under the viaduct. The crossing itself over the railroad tracks was improved, and placed in better condition than it was before the changes were made in the highway. The town of Norwich lies wholly on the north side of the highway and of the railroad right of way. All of the business district, depot, elevators, churches, and stockyards are north of the highway. The schoolhouse is situated north of the Waubonsie Trail, but south of the railroad right of way. The only additional inconvenience to appellant in reaching the schoolhouse is that the railroad tracks must now be crossed twice, instead of but once, as formerly. The real difficulty from which appellant suffers is in getting from his premises onto the highway when he desires to travel east or west thereon from Norwich. Formerly, the driveway from his premises intersected directly with the vacated portion of the road, as above described. There is no point along the new route, either to the east or west of the viaduct, at which appellant can pass directly from his premises onto the highway. After crossing the railroad right of way under the viaduct, he has the same facilities for getting upon the highway as the rest of the public residing in that vicinity. The highest elevation of the grade is 26 feet. This was made necessary in order to secure the proper elevation of the viaduct above the tracks of the railroad company. For a portion of its length, the base of the grade is 100 feet in width,

and extends over and onto appellant's premises. The damages resulting from this trespass have been paid, and are not in any way involved in this action. Waubonsie Trail is a primary road extending from Nebraska City, Nebraska, across Fremont, Page, and other counties to the east, and is a much traveled thoroughfare. It is about 9 miles northwest from Norwich to Shenandoah, and about 11 miles east to Clarinda, the county seat of Page County. If appellant desires to travel east on the Waubonsie Trail, he must now go about a block farther, and, if he desires to go west, about two blocks farther than formerly.

It is apparent from the foregoing statement of the facts, none of which are in dispute, that ingress and egress to and from appellant's premises were neither destroyed nor substantially interfered with by location and improvement of the new highway. The inconvenience of being compelled to travel one block farther in one direction and two blocks in another, to reach the highway, is not an unreasonable interference by the public authorities with the right of ingress and egress to and from his premises. The right of way of the railroad company to the southeast from the section line crosses a portion of appellant's premises through a comparatively deep cut, and much greater safety is secured to the public generally by the overhead crossing than was possible the way the highway formerly ran.

Much evidence was offered, tending to show depreciation in the value of appellant's farm by the construction of the heavy grade in the highway, which almost completely cuts off his view to the north, and the erection of the viaduct, with the unsightly trestlework upon which it rests. Naturally, appellant would rather have a convenient road to town that did not pass under the viaduct. The record shows, however, that it was practically impossible to construct the improvement in the highway so as to give immediate access from appellant's premises thereto, and at the same time accomplish the public purpose.

Thus situated, we do not perceive in what way appellant has been deprived of any of his constitutional rights. The county condemned the land occupied for public use, and thereby acquired the right to build whatever grade or embankment was necessary for the reasonable improvement and use of it as a public highway. The exact question here presented was before us

in *Pillings v. Pottawattamie County*, 188 Iowa 567, except that, in that case, the interference with the plaintiff's ingress to and egress from his premises was the result of a deep cut in the highway. In the *Pillings* case, we held that:

"* * * the liability of the state or municipality for injury to land by the improvement of a public way does not extend to or include indirect or purely consequential damages, but is confined, in judicial application, to the case of property actually taken and appropriated. That this rule works hardship in some cases may be easily believed; and, assuming the truth of the matters pleaded in the petition, this case is an illustrative example of that fact. But roads are not provided for the sole benefit of the property over or along which they are laid. They are for the use of the general public, and the law providing for their improvement has in view their general public convenience and usefulness. When first established, under pioneer conditions, they are given comparatively slight attention; but, with the increase of population and traffic, there comes a correspondingly increased demand and necessity for road improvements. The necessity and propriety of the improvements, their kind, character, and extent, and the matter of their execution or construction, are confided to such boards, officers, or agencies as the legislature has provided for that purpose; and, in the absence of any provision for the review of their action upon appeal or otherwise, their finding and decision are final, so long, at least, as they act in good faith, and within the scope of the authority conferred upon them. In the discharge of these duties, they are the arms or agencies of the state, and are clothed with the exemption which the state itself enjoys against claims for the damages, if any, resulting to the individual citizen or property owner. *Snethen v. Harrison County*, 172 Iowa 81. And this rule is held to include claims for damages against the county, its officers and agents, even for injuries occasioned by the negligent manner in which those duties are performed. *Snethen v. Harrison County*, supra."

The matter is so fully and recently discussed in the above case that we deem further elaboration of the subject quite unnecessary. See, also, in this connection, *Sauer v. City of New York*, 206 U. S. 536 (51 L. Ed. 1177).

Many authorities are cited by counsel for appellant, typical of which are the following: *United States v. Welch,* 217 U. S. 333 (54 L. Ed. 787); *De Lauder v. Commissioners of Baltimore County,* 94 Md. 1 (50 Atl. 427); *Graham v. Covington County,* 110 Miss. 645 (70 So. 825); *Stack v. City of East St. Louis,* 85 Ill. 377 (28 Am. Rep. 619); *Hopkins v. Clemson Agri. College,* 221 U. S. 636 (55 L. Ed. 890); *Vanderlip v. City of Grand Rapids,* 73 Mich. 522 (41 N. W. 677); *Pearsall v. Board of Supervisors,* 74 Mich. 558 (42 N. W. 77); *Lowery v. City of Pekin,* 186 Ill. 387 (57 N. E. 1062); *Sterling's Appeal,* 111 Pa. St. 35 (2 Atl. 105).

None of these cases are in conflict with the holding of this court in *Pillings v. Pottawattamie County,* supra, and other cases therein cited. To review them at length for the purpose of pointing out distinctions would not be profitable to either party.

The right of full and free ingress and egress to and from the premises of appellant must not be confused with the loss of immediate and direct accessibility to the highway, due to the improvement. They are by no means identical. The route which appellant must travel to get upon the highway, if he desires to go east or west from Norwich, is the same as that which the whole public residing in Norwich and vicinity must travel, in order to do so.

Counsel for appellant relies to some extent upon the holding of this court in *McCann v. Clarke County,* 149 Iowa 13. This case involved a question of special damages to the owner of premises for the vacation of a highway. The point there decided is not applicable here, and nothing said in the opinion bears more than remotely thereon.

While other questions are discussed by counsel, we need not refer to them, as we regard *Pillings v. Pottawattamie County,* supra, as controlling of the only proposition really relied upon for reversal.

It follows that the judgment and decree of the court below dismissing appellant's petition must be, and is,—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.