BAKER *v*. MISSISSIPPI STATE HIGHWAY COMMISSION.

In Banc. Oct. 25, 1948.

(37 So. (2d) 169)

John F. Frierson, and Sams & Jolly, for appellant.

**John M. Kuykendall, Jr.,** Assistant Attorney General, for appellees.

**Roberds, J.**

Baker, at the times hereinafter mentioned, was the lessee of a lot, and its improvements, situated about seven hundred feet west of the bridge across Tombigbee River at Columbus, Mississippi. The lease was for ten years, expiring October 1, 1955. The lot abutted 230 feet on the west side of U. S. Highway 82, which highway, at this point, was also U. S. Highway 45 and Mississippi State Highway No. 12. Upon the lot was located

a gasoline service station, and automobile repair shop, a rack and grease pit and a garage for servicing automobiles, and a warehouse. The Mississippi State Highway Commission (which we shall call Commission) in the course of altering, repairing and improving said highway, during the months of September, 1946, to March, 1947, raised the surface of said highway in front of said lot some nineteen to twenty-six inches, rendering it difficult, and, to some extent, hazardous, for motor vehicles to drive from the highway upon the lot to be serviced and then re-enter the highway. Baker brought this action in the circuit court to recover of the Commission damages resulting to his business and property from the raising of this road. It is pertinent to here note that the claimed damages are purely consequential. It is not a condemnation proceeding. The Commission did not seek to acquire title to any property. In fact, the new raised pavement was some two or three feet farther from the lot than was the old pavement.

Baker claimed he was damaged in the total sum of $11,107.58. This total damage, according to his declaration and bill of particulars, consisted of the cost necessary to raise his lot, with all the improvements thereon, to a level with the new road, plus $1,600 loss of profits in the operation of his business, and $1,225 loss of rentals, suffered by him during the five months the work was in progress. On motion of the Commission the trial court struck from the declaration as items of damage, the claims for loss of profits and rentals.

After the suit was filed and shortly before the trial Baker sold his business and assigned his lease and he made a further claim of $3,000, which amount, he contended, he lost in the sale. In other words, he says he could have gotten $3,000 more if, at the time of the sale, the physical situation had been as it was before the road was raised rather than as it was after he had undertaken to remedy the condition.

The proof offered by Baker dealt only with the cost of detailed items necessary, as he claims, to place his property in the same accessible condition to the highway as existed prior to the raising of the road by the Commission. For instance, he raised his lot, the gasoline pumps, his tire shop and warehouse, and did other work necessary, according to his evidence, to remedy the situation so that he could successfully operate his business. There is really no dispute as to that. He showed, without contradiction, he had spent for that purpose some $4,500. He also offered evidence to show that an additional expenditure of over $3,000 would be needed to completely remedy the situation. The jury returned a verdict for Baker in the sum of $1,500. Baker appeals. He contends on this appeal that the proof is undisputed he has paid out over $4,000 in an effort to remedy the conditions and we should affirm the case on liability and enter a judgment here for at least the amount he has actually expended. The Commission admits there is liability but says there is no proof of damage in the record on which a verdict could have been rendered or a judgment entered. In other words, the Commission contends that the rule for measuring the damage in this case is the difference between the market value of Baker's property before, and such value after, the surface of the road was raised. The record discloses no proof whatever on such comparative values. Baker says proof of the cost of items necessary to remedy the situation is a proper basis for a verdict and judgment without proof of such before and after values. Therefore, the ultimate and deciding question is, What is the measure of damage in this case?

It is settled that in eminent domain proceedings the measure of damage to the property not actually taken is the difference between the fair market value of such property before, as compared to such value after, the taking. State Highway Commission v. Day, 181 Miss. 708, 180 So. 794; Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565; Mississippi State

Highway Commission v. Treas, et al., 197 Miss. 670, 20 So. (2d) 475. It is pointed out that there may be exceptional conditions where this rule would not be a proper test, as, for instance, where plaintiff sued for damage to his business resulting from enlargement of the Mississippi Levee, which occasioned the removal of fifty families from the neighborhood of his business, (Kwong, et al. v. Board of Mississippi Levee Commissioners, 164 Miss. 250, 144 So. 693), or where the remaining lot was worth more without the damaged or destroyed house thereon. Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So. (2d) 250. Other unusual conditions, where the before and after values test would not be applicable, might be cited. In these exceptional cases all that can be done is to apply thereto a rule supported by reason, logic and common sense, designed to result, as far as may be humanly possible, in the ascertainment of the true, accurate damage the property owner has suffered. However, it is pointed out in the foregoing eminent domain cases, and others we might cite, that evidence of the cost of replacements and putting the remaining property in its former usable condition, entirely or as nearly so as possible, is competent, but this is so, not as constituting a basis for a verdict or judgment separate and independent of the comparative values, but only as bearing upon and tending to show the accuracy, or inaccuracy, of such comparative values as estimated by other evidence responsive directly to the before and after rule.

The expressions used by this Court in defining the rule for measuring damages in non-eminent domain cases, where there is no condemnor, but where the property owner is plaintiff and the damages are purely consequential, have not always been clear and without doubt and confusion. Some have clearly stated it to be the market value before and after the damage. Some have used the expression the owner should "be made whole"; others, that he is entitled to be "compensated for damage done"; in one that he is entitled to the "value of the

property taken''; another ''the market value diminished.'' We here list in chronological order, the cases decided since adoption of Section 17 of the Mississippi Constitution of 1890, requiring payment for private property ''damaged,'' as distinguished from such property ''taken,'' for public use, which contain expressions descriptive of the rule by which to measure consequential damages: City of Vicksburg v. Herman, 72 Miss. 211, 16 So. 434; City of Meridian v. Higgins, 81 Miss. 376, 33 So. 1; Warren County v. Rand, 88 Miss. 395, 40 So. 481; King v. Vicksburg & Light Co., 88 Miss. 456, 457, 42 So. 204, 6 L. R. A., N. S., 1036, 117 Am. St. Rep. 749; City of Jackson v. Williams et al., 92 Miss. 301, 46 So. 551; Slaughter v. Meridian Light & R. Co., 95 Miss. 251, 48 So. 6, 1040, 25 L. R. A., N. S., 1265; Murphy v. City of Meridian, 103 Miss. 110, 60 So. 48; Merrin v. De Soto County, 110 Miss. 254, 70 So. 348; Graham v. Covington County, 110 Miss. 645, 70 So. 825; Schlicht v. Clark, Drainage Commissioners, 114 Miss. 354, 75 So. 130; Funderburk v. Mayor and Board of Aldermen of City of Columbus, 117 Miss. 173, 78 So. 1; Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452; Parker v. State Highway Comm., 173 Miss. 213, 162 So. 162; State Highway Commission v. Corley, 186 Miss. 437, 191 So. 119.

The Corley case settled the question in ordinary cases. The rule in such cases is ''. . . the fair cash market value of the property before the grade of the highway was raised and its fair cash market value thereafter.'' The Corley case, as well as others cited above, also holds admissible evidence of the cost to restore the property to its former condition and to make necessary replacements, etc. But such evidence is competent only as bearing upon the before and after market value. It does not alone establish the damage, nor can it alone constitute the basis of the verdict or judgment. For purpose of clarifying both questions we quote from the Corley case:

"We are of the opinion that the alleged results of the raising of the grade of the highway was a proper element of damages but there was no proof offered on the specific question as to what was the fair cash market value of the property before the grade of the highway was raised and its fair cash market value thereafter. Proof merely tended to show what it might cost to restore the gravel sidewalk and to remedy the condition complained of regarding the drain so as to prevent its recurrence. See City of Meridian v. Higgins, 81 Miss. 376, 33 So. 1; Schlicht v. Clark et al., 114 Miss. 354, 75 So. 130, for a statement of the rule as to the measure of damages in such cases. . . .

"Referring again to the damage claimed on account of the gravel sidewalk being washed away in front of the residence, it is true that the sidewalk was located in the street or right of way of Highway No. 84. The rule is that evidence as to the particulars of details in which the property will be damaged is admissible in so far as the same tends to show the effect of the raising of the grade of the highway on the value of the property, and this rule would permit the introduction of evidence to show the destruction of the sidewalk and filling up of the drain to the same extent that such rule would permit evidence to show the raising of the grade of the highway, on the issue of showing that the fair cash market value of the residence property of the appellees had been damaged by what was done by the appellant in making the improvement in question, although the specific damage to the sidewalk itself may not be recovered on account of the fact that it was a part of the street."

We freely agree that the comparative before and after value test admits of great latitude in determining the damage, but it is established in our cases and it is preferable to the rule that the cost of replacements, reconstruction or rectifying the changed conditions is the measure of the damage. We think this case may be used as an example to prove that. Baker, shortly before the trial,

sold this lease, which included two other sites, for $14,-
000. Suppose the public needs had required the road to
be raised fifteen feet in front of Baker's property. Sup-
pose further his property rights at this point were worth,
before the road was raised, $15,000, but that the cost
of raising his lot and improvements fifteen feet to the
level of the road would have cost $25,000. By using the
replacement, or reconditioning cost method, he could
have imposed on the Commission a liability of $10,000
greater than the entire value of his property. Other
illustrations, more extreme than this, might well actually
happen in a modern highway construction program. It
would, therefore, appear that the combination method
is about as good as can be devised. The difference in
the before and after value prescribes the limit of recov-
ery and upon that difference the jury must base its ver-
dict, ▮▮▮ but what might be termed the fill-in method
—that is replacement, reconstruction, or, more properly,
the remedying cost—may be shown and used as bearing
upon the accuracy, or inaccuracy, of the amount of the
damage deduced from the proof of comparative values.
Therefore, in order to make certain the rules by which
damages are to be ascertained, and evidence is to be com-
petent, in cases of the type at bar, we now restate the
rules:

1. In the usual, ordinary case the measure of damage
is the difference between the fair market value of the
property before, as compared to such value after, the
work is done.

2. If the property has no market value, the measure of
the damage is the difference between the fair, reason-
able value before, as compared to such value after, the
work is done.

3. In unusual cases, where the circumstances are such
that neither of the foregoing rules is applicable to the
peculiar facts, the trial court will adopt such rule as in
reason and fairness to the parties is best designed to

enable the jury to arrive at the true, accurate amount of the damage.

4. In all cases proof of the cost of remedying the situation to bring the property as near as may be to its former usable condition is competent—not as a separate, independent foundation for a verdict but only as bearing upon and as tending to establish the true value shown by the evidence adduced under one of the foregoing rules.

██ ██ And we should now announce upon whom the burden rests in cases like the one at bar. The property owner is the plaintiff in such cases; no attempt is being made by another to acquire title to his property; there is no condemnor. We hold that the burden is upon the plaintiff, first, to show legal damage, and, second, the extent thereof.

We are now brought to the question whether we shall affirm this case or reverse and remand it for another trial. The court is equally divided on that question. Although no proof was offered to show the comparative before and after values, the Commission is in no position to complain on this appeal as to the verdict because it did not cross-appeal. Three of the Judges feel that since the words used by the Court in the past, as shown by above quotations from the cases, have not always specifically defined the rule to be the comparative value test, which may have resulted in some confusion as to the true rule, and since it appears Baker suffered actual damages in excess of the amount of the verdict, we should, in the interest of justice, remand the case for another trial. ██ ██ On the other hand three of the Judges think the decided cases have clearly established the rule, especially the Corley case. They point out also that the Commission objected to the evidence of plaintiff as to the cost of raising his lot and improvements to the new level of the road, and that this objection was based upon the express ground that there was no proof of the before and after value, and that Baker, being expressly informed

on that point, failed to offer proof upon the comparative value theory. They further call attention to the fact that plaintiff obtained an instruction telling the jury ". . . you should award plaintiff such damages as he suffered as a result of the defendant's raising the level of the road . . .", and, if the jury finds that the act of raising the road damaged plaintiff, "then you should award the plaintiff such sum or amount of damages as he actually expended to place his property in the same condition that it was in prior to the change of grade of said road by said defendant." And again "The court further instructs the jury for the plaintiff that damages occasioned by altering the grade of the road are recoverable and if you believe from a preponderance of the evidence that the defendant raised the grade of the road adjacent to plaintiff's property as alleged in the declaration and that plaintiff suffered damages as a result thereof, then it is your duty to find for the plaintiff and assess his damages and for such sum as you find from a preponderance of the evidence has been suffered by the plaintiff." The Commission obtained no instruction whatever, so that, as is evident, these instructions, especially the last, left wide open to the jury the amount of the damage, and three of the Judges think the verdict should not be disturbed under these circumstances. This results in an affirmance of the case.

Affirmed.