WAGGENER, et al. *v.* LEGGETT, et al.

No. 42619          March 11, 1963          150  So.  2d  529

*Morse & Morse,* Gulfport; *W. J. Blass,* Wiggins, for appellants.

*Mize, Thompson & Mize, Eaton, Cottrell, Galloway & Long,* Gulfport, for appellees.

ETHRIDGE, J.

This case involves an inquiry into the measure of damages to the owner of land bordering on a bayou, where defendant dredging soil from its bottom removed the support for plaintiff's shoreline and caused part of it to cave in. We hold the before-and-after rule is applicable and was applied correctly by the trial court.

Charles A. Waggener and wife, Lucile Waggener, brought this suit in the Circuit Court of Harrison County against Henry and Carl Leggett (defendants-appellees). The trial court gave plaintiffs a peremptory instruction on liability against defendants, and submitted to the jury the amount of damages. It returned a verdict for the Waggeners in a gross amount of $600, consisting of $400 actual damages and $200 punitive damages. They have appealed, asserting error in an instruction for defendants, measuring compensatory damages by the before-and-after rule, and exclusion by the circuit court of testimony concerning the cost of restoration.

The Waggeners own a parcel of land in Harrison County, 150 feet in width, north and south, and 1120

feet in length, from east to west. On the east side of this land is Bayou Bernard, which is subject to the ebb and flow of the tide from the Gulf of Mexico. The rounded east end of this property projected into Bayou Bernard. In August of 1960 the Leggetts were operating a hydraulic suction dredge in the bayou, dredging sand and soil from its bottom and casting it upon their own land on the opposite side, for the purpose of raising its level and improving their property. In so doing, they dredged out of the bayou some sand and soil forming support for the Waggener's waterfront land, causing a small portion of the latter to slough off into the water. A strip around the point of the Waggeners' property, projecting into the bayou, was washed away. The sloughed-off area was semicircula, ranging 20-30 feet in depth around the perimeter. At the point in question the bayou is between 175-200 feet in width.

(**Hn 1**) For an injury to the land itself, permanent in nature, the general rule measuring damages is the difference in value of the land before and after the trespass. (**Hn 2**) This means the difference in value of the entire tract, not merely the ground at the exact place of the injury.

(**Hn 3**) However, where the land can be restored to its former condition at a cost less than the diminution in value, if it is not restored, and also where the injuries are temporary and reparable in this sense, the cost of restoration may be used as a measure of damages. This latter rule is confined to cases where the cost of restoration is less than the difference in the value of the land before and after the trespass. See Union Producing Co. v. Pittman, 146 So. 2d 553 (Miss. 1962). Here the tendered evidence claimed a restoration cost of $7500. The contention advanced by appellants, that the cost of restoration should be the measure of damages, is therefore not applicable.

(**Hn 4**) The damages to appellants' land were permanent, not temporary. The before-and-after rule was applied properly by the trial court. State Highway Comm. v. Corley, 186 Miss. 437, 191 So. 119 (1939); Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 63, 23 So. 2d 250 (1945); Baker v. Miss. State Highway Comm., 204 Miss. 166, 37 So. 2d 169 (1948); McCormick, Damages (1935), sec. 126; 87 C.J.S., Trespass, secs. 117, 118; 52 Am. Jur., Trespass, sec. 49; 15 Am. Jur., Damages, secs. 109, 110; 25 C.J.S., Damages, sec. 84; Graves, Proof of Damages to Property in Tort Actions, 33 Miss. L.J. 151 (1962); Oleck, Damages to Persons and Property (1961), sec. 208.

The before-and-after rule, measuring permanent damages to real property, is also the measure of damages recoverable for subsidence of the surface due to mining operations beneath the surface. Annos., Damages Recoverable by Owner or Occupier of Surface on Account of Subsidence Due to Mining Operations, 35 A.L.R. 1137, 1142 (1925), 56 A.L.R. 310 (1928); see 25 C.J.S., Damages, sec. 85e.

Appellants offered no evidence under the before-and-after rule. An appraiser, testifying for defendants, fixed the damages on that basis at $500. The jury was warranted in finding the verdict it returned. (**Hn 5**) There was no error in the circuit court's sustaining defendants' objection to plaintiffs' tender of testimony as to the cost of restoration of the property, when plaintiffs offered no evidence as to its diminution in value. Cost of restoration in this instance would be admissible, if at all, only as bearing on the diminution in value. Nor did plaintiffs make another tender of such testimony on that ground, as bearing on diminution of value, after defendants produced a witness to testify under the before-and-after rule.

Affirmed.

*Lee, P. J., and Kyle, Rodgers and Jones, JJ., concur.*