E. H. BALFOUR *v.* LOUISVILLE, NEW ORLEANS AND TEXAS RAILROAD COMPANY.

RAILROAD RIGHT OF WAY. *Measure of damages for land condemned.*

In the condemnation of land for a railroad right of way, the measure of damages is the difference in value of the whole tract before and after the taking of the strip condemned, and not the value of such strip viewed independently of the other parts of the tract.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

The Louisville, New Orleans and Texas Railroad Company filed a petition to have a strip of land one hundred feet wide through a tract of about ten acres belonging to Mrs. E. H. Balfour condemned for its right of way.

The jury appointed to assess Mrs. Balfour's damage awarded her one thousand dollars, to be paid by the railroad company. She made a motion for a new trial, which was overruled, and she appealed to this court.

The evidence adduced in the court below showed that the value of the strip of land condemned was nine hundred and fifty dollars, but that the damage to the whole tract was more than double that amount.

. The court refused to give an instruction asked by Mrs. Balfour, as follows :

" 2. In finding the actual cash value of the land taken, the jury will not be guided by the price for which the identical strip, one hundred feet wide, taken by the railroad company, could be sold in open market without reference to the adjoining parts of the tract, but by what its cash value in open market would be as an integral part of the whole."

*T. E. Crutcher,* for the appellant.

In refusing the second instruction asked by the appellant the court unquestionably erred. Mills in his work on Eminent Domain lays down this as the law : " The valuation of the strip taken is of its value in relation to the whole, not its value as a strip alone." Mills on Eminent Domain, § 166.

The law undoubtedly contemplates the assessing of the land at not what it could be sold for as a strip, for that might be nothing, but what it is worth in connection with that from which it is taken, and we think all the decisions above referred to bear us out in this view. 1 Rorer on Railroads 372, says: " The amount of the compensation is to be the cash value of the land taken and a sum that will equal the injury or depreciation of the residue in value added together."

Have we had such compensation ? We think not, nor do we think substantial justice has been done.

*Miller, Smith & Hirsh,* for the appellee.

Witnesses testifying in condemnation cases invariably confuse the idea of value of land with the idea of the damage to the land by the construction of the road. Upon cross-examination this is shown in nearly every case. It seems almost impossible for the average man to testify as to what is the actual value of the land taken and what is the damage as contradistinguished from this value.

If the landowner gets the actual value of the land actually taken, and then full compensation for all damages which directly flow from the taking, he is necessarily compensated in full. For he gets in the damages, the damage from taking out the strip of land and any damage caused by cutting his land into an irregular strip.

"Compensation includes not only *the value of the portion taken*, but the diminution of the value of that from which it is severed also." *Biglow* v. *R. R. Co.*, 27 Wis. 487 ; *Rochester R. R. Co.* v. *Budlong*, 6 Howard Prac. 467.

CAMPBELL, C. J., delivered the opinion of the court.

The second instruction asked by the appellant should have been given. Not the value of the strip of land taken as a strip alone was the criterion of compensation, but its value in relation to the whole tract of which it was a part. A parcel of land in that shape might in itself be of little value, when in connection with that from which it was severed its value would be great. The proper measure of damages is the difference in value of the whole tract before and after the taking of the strip by the appellee.

According to the only evidence of valuation of the land before the jury, the sum allowed the appellant was less than is necessary to make her whole with reference to the damage done her by the appropriation of her land to the use of the appellee.

*Decree reversed, new trial granted, and cause remanded.*