D. T. PORTER ET AL. *v.* V. R. STILL ET AL.

1. CURATIVE LAW. *Power of legislature to pass. Assessment roll.*

   The authority of the legislature to enact a statute to validate an assessment roll, by extending the time in which it should have been returned by the assessor to the board of supervisors for their approval, is so well established that it is no longer an open question in this State. *Vaughn* v. *Swayzie,* 56 Miss. 704; *Fanning* v. *Funches,* 60 Miss. 541; *Nevin* v. *Bailey,* 62 Miss. 433, cited.

2. ARGUMENT. *Opening and conclusion of. Burden of proof. Several issues.*

   The party on whom the burden of proof lies, whether plaintiff or defendant, is entitled to open and conclude the argument before the jury. And this is not a mere privilege, but a right determined by law. If there be several issues, and the plaintiff holds the affirmative of any one of them, he is entitled to open and conclude.

3. BURDEN OF PROOF. *How to determine.*

   The party on whom the burden of proof in any cause rests may be determined by considering which would succeed if no evidence were offered by either side, and by examining what would be the effect of striking out of the record the allegation to be proved. The onus must be on the party who, under such tests, would fail in the suit.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

In January, 1876, a certain tract of land belonging to one Gann was forfeited to the State for taxes due for 1875, and remained on the forfeited land roll of the State till 1883, when it was purchased from the State by Still & Still. They then brought this action of ejectment against one Anderson, whom they found in possession. Anderson claimed under a warranty deed from Porter, Taylor & Co., who were admitted to defend the suit. It appears that Porter,

Taylor & Co., at the time of the sale of the land for taxes, held a deed of trust thereon. The declaration of plaintiffs sets out title in themselves, with a demand for possession and rents. The defendants pleaded "not guilty." On the trial the defendants admitted that the land in question had been forfeited to the State for taxes, and that plaintiffs had purchased from the State, but announced their intention and ability to show that the defendants had redeemed the land within the time prescribed by law, and on this statement demanded the right to open and conclude the argument, which the court refused to grant. The evidence as to whether the defendants had redeemed the land was conflicting. The defendants introduced evidence tending to show that the assessment roll under which the land was sold was not presented to the board of supervisors by the first of June, as required by the law as it then stood. The jury found for the plaintiffs, and the defendants appealed.

*White & Morgan* and *Shands & Johnson*, for the appellants.

1. It is submitted that the ruling of the court as to the right of opening and concluding was erroneous and injurious to the defendant. The statute provides that not guilty is the only plea allowed by law, which in reality leaves the question of pleading to be settled by the facts of the case as developed. Had defendants been allowed to plead specially, confessing the facts of plaintiff's *prima facie* right, but setting up by way of avoidance the redemption of the land within the time allowed by law, the case would have stood exactly as when plea of payment is made to a bond or note. It is not the form of action that controls the question of the burden of proof and the right to open and conclude before the jury. It will be observed throughout the progress of the trial, the only efforts were by defendants to make proof of redemption and the failure of assessor in his duty, and that in various charges given by the court it was distinctly announced (by the court) that the burden of proof was on the defendant to show such redemption, and that on his failure to do so—or if on that point the evidence did not clearly preponderate in his favor—the jury were to find for plaintiff. Now, when it is shown that this proof was connected

with a number of material circumstances to be mentioned hereafter, it will be manifest that the party holding the affirmative was not allowed to conclude the case on the facts which had been put before the jury, and that all the rules and reasons for giving conclusion to the party holding the affirmative of the questions involved were violated by the action of the court.

2. As the law stood when that board of supervisors met July 6 and 9, 1875, was it important that the roll should have been delivered on June 1st?

This court has frequently decided that delivery to the clerk at the time required by law is a *sine qua non. Melchum* v. *McInnis,* 60 Miss. 946 ; *Fletcher* v. *Trewalla,* 60 Miss. 965 ; *Stovall* v. *Conner,* 58 Miss. 141.

The approval of the roll by the board makes it like a judgment. *Virden* v. *Bowers,* 55 Miss. 18, 19, 20.

The same authority, on page 18, says : " There must be first a due assessment of the property," and, on page 20, " There must be a legal assessment." This is a jurisdictional fact—part of that due process of law which authorizes the board to render a judgment— and the roll, when approved and copied and put in the hands of the collector, becomes an execution in its essential properties by which the citizen's title to land may be divested. The jurisdictional facts must all be in the record prior to this stage of the proceedings, for henceforth the property-owner is without day in court. See last paragraph of § 1685, Code of 1871, where it is said, " The rolls, after examination and approval, are conclusive as to the assessments therein." Whatever is wrong about it must stay wrong, unless the legislature has power to cure the wrong by a law enacted after the rendition of the judgment. In *Verden* v. *Bowers,* 55 Miss. 18, the court says : " It would be perhaps an unwarranted exercise of power in the legislature to declare the tax collectors' deed conclusive to pass title."

*T. W. White,* of counsel for the appellants, argued the case orally.

*Oglesby & Taylor,* for the appellees.

1. The action of defendant's attorneys in this matter asking

opening and conclusion of argument is properly measured by the criticism of this court in *Perkins* v. *Guy*, 55 Miss. 182. The court says : "The plea manifestly was withdrawn for the purpose of getting the supposed advantages of opening and closing the argument." The lower court refused to allow this, and its action was not considered erroneous.

The state of pleading in this case imposed the burden of proof upon us. We recognized this by having evidence ready to make out our case.

The court exercised its discretion in the right direction in not granting the request of defendant's counsel at that stage of the proceedings, and we submit that its actions should be approved. See *Perkins* v. *Guy*, 55 Miss. 181 and 182, and cases cited. In no event can we see how appellants were injured by such ruling. See 26 Iowa 205 ; *Bell* v. *Rogust*, 27 Texas 471 ; *Fry* v. *Bennett*, 28 N. Y. 324 ; *Merriam* v. *Cunningham*, 11 Cushm. 40.

Again, the ruling of the court below was manifestly right upon this ground : plaintiff not only sued for the lands, but also for the rent thereof. The plea of appellants denied our right to recover the land and the rent, and one was as much an issue to be tried as the other. Plaintiffs below were required to prove the value of the rent alleged to be due, and the burden of proof was still upon them, notwithstanding the admission of *prima facie* title to the land. The case could not be divided into two parts—in one for the burden to be on us to prove rents and their value; in the other on defendants to show that our *prima facie* title was not a sufficient one upon which to recover.

2. Suppose it were true, as contended for by appellants, that the assessment roll was not presented at the time required by law. If so, the error was certainly covered by the act of 1875, passed in July, special session, page 10.

That the legislature had the right to pass such a curative statute we do not think can be questioned with any degree of merit. *Vaughn* v. *Swayzie*, 56 Miss. 709 ; Cooley's Const. Lim. 371, and cases cited ; *Cato* v. *Gordon*, 62 Miss. 376 ; *Fanning* v. *Funches*, 60 Miss. 545–47, decides the identical question in our favor. See

also 62 Miss. 435, *et seq.* 513.   This case, 62 Miss. 435, decides that the three years' statute of limitations, § 1709, Code 1871, presents a perfect defense to objections of this character.

*I. D. Oglesby,* of counsel for the appellees, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

The judgment must be affirmed.   We find no error in reference to the instructions, and upon the testimony, it cannot be said that the verdict is manifestly wrong.

If the assessor failed to deliver the assessment roll to the clerk of the board of supervisors on or before the first day of June, as required by the laws then in force, this irregularity was covered by the act entitled an act to legalize the return of assessment rolls and to extend the time of returning the same, approved July 31, 1875. Acts special session, 1875, 10.   Before the passage of this act the assessment roll was received and approved by the board of supervisors, and the assessment was thereby rendered valid.   The authority of the legislature to enact such statute is not an open question in this State.   *Fanning* v. *Funches,* 60 Miss. 541 ; *Vaughn* v. *Swayzie,* 56 Ib. 704 ; *Nevin* v. *Baily,* 62 Ib. 433.

The ruling of the court which denied appellants the opening and conclusion of the argument to the jury was right.   The advantage sought to be gained by appellants in this respect was not a mere privilege to be disposed of in the discretion of the court, but a matter of right regulated by law.   Proffatt on Jury Trial, §§ 213, 222 ; *Judge* v. *Stone,* 44 N. H. 593 ; *Davis* v. *Mason,* 4 Pick. 156.

Looking to the substance and not to the mere form of the pleadings, the party on whom the *onus probandi* lies, as shown by the record, whether plaintiff or defendant, is entitled of right to begin and reply.   Practical rules, approved by authority, for ascertaining upon whom is the burden of proof, are, first, to consider which party would succeed if no evidence were offered by either side ; and, secondly, to examine what would be the effect of striking out of the record the allegation to be proved.   The *onus* must be on the party who under such tests would fail in the suit.   1 Greenleaf

Ev., § 74, note; 1 Taylor Ev., § 365; Proffatt on Jury Trial, § 212.

If the record contains several issues and the plaintiff holds the affirmative in either, or would be obliged to produce any proof to establish his claim or demand, it would be error to deny him the right to open and close the argument to the jury. Proffatt on Jury Trial, §§ 212, 213, 222; *Judge* v. *Stone,* 44 N. H. 593; *Davis* v. *Mason,* 4 Pick. 156; *Montg. So. R. R. Co.* v. *Sayre,* 72 Ala, 443.

*Affirmed.*