WARREN COUNTY *v.* BELLE CASEY RAND ET AL.

HIGHWAYS.  *Streets.  Change of grade.  Abutting owners.  Damages.*
    *Constitution* 1890, *sec.* 17.

In an action for damages to abutting property caused by a change of grade in a highway the measure of damages is the difference in the market value of the property before and after the change, excluding benefits accruing to plaintiff in common with the general public, to be ascertained by considering the location of the property, its adaptability, the uses to which it was put, and the effect of the change on its accessibility.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Mrs. Rand and others, the appellees, were plaintiffs in the court below; Warren county was defendant there.    From a

judgment in plaintiffs' favor the defendant appealed to the supreme court.

Appellees owned certain lots in the suburbs of the city of Vicksburg, abutting on Baldwin Ferry highway. Many years before this suit was instituted, those from whom appellees inherited the lots had graded them to the level of the highway and built improvements on them. In 1903 Warren county had the highway in front of the lots in question cut down. The appellees filed suit against the county, alleging that their lots had been damaged by the lowering of the grade of the highway in front of them.

*McLaurin & Thames* and *R. V. Fletcher,* assistant attorney-general, for appellant.

The first instruction given to appellees is in the language of sec. 17 of the constitution of 1890, and is, of course, correct as an abstract proposition of law. But the exact point at issue is whether this particular property has been damaged. This court assumes that plaintiff's property had suffered damage and was in effect a peremptory charge to find for the plaintiff in some amount.

There was a sharp and clear-cut issue of fact as to whether any damage had been done. But the court, in the face of this conflicting testimony, assumes, virtually, that the plaintiff's contention is undisputed, and states a bald proposition of law predicated of only a portion of the testimony. The case of *Myrick v. Wells,* 52 Miss., 149, is in point. There the court, in criticizing certain charges given for plaintiff, uses this language: "The objection to all of these instructions is that they assume as conclusions of law what should have been submitted to the jury as questions of fact." The whole reasoning of the opinion is a condemnation of the practice of assuming facts as proven which are in dispute. So in *French v. State,* 63 Miss., 386, the case was reversed because the trial court in an instruction assumed as a fact a matter which was in dispute, this court saying that all

questions of fact should be settled by the jury and not by the court.

So in *Railroad Co.* v. *Phillips,* 70 Miss., 14 (s.c., 11 South. Rep., 602), in discussing a charge which assumed certain facts to be true, the court says: "The instruction assumed the facts therein recited to be proved, and this would have been erroneous if the facts so assumed had been controverted." *Gilliam* v. *Moore,* 10 Smed. & M., 130; 11 Ency. Pl. & Pr., 116, *et seq.; Smith* v. *Dukes,* 5 Minn., 373; *Bessler* v. *Schwertferger,* 15 Ill. App., 294; *East Texas Fire Ins. Co.* v. *Brown,* 82 Texas, 631; *Vaughn* v. *Miller,* 76 Ga., 712.

The court modified the first charge for the defendant by adding the clause denying the county anything by way of diminishing the damages because of the enhancement of the property by reason of general benefits shared in by plaintiff in common with the public.

"The proper measure or damages is the difference in value of the whole tract before and after the taking of the strip by appellee." *Balfour* v. *Louisville, etc., R. R. Co.,* 62 Miss., 508.

The most carefully reasoned case on the measure of damages in condemnation proceedings which has come to our attention in this jurisdiction is *Isom* v. *Mississippi, etc., R. R. Co.,* 36 Miss., 300.

In that case it was held that the general benefit which the owner would receive from the enhanced value of his property could not be set off against the damage to his property, because (and the reason is put expressly upon this ground) the construction of the road is usually problematical, the benefits purely conjectural; the damage is instant and determinable, the corresponding benefit is vague, uncertain, and not susceptible of precise pecuniary measurement. This is the whole basis of the argument, the very soul and essence of the doctrine. Now, the standard and test insisted on by defendant and rejected by the court is the difference in value of the property immediately before the cutting and grading and its value immediately after

such work.    Even if the eminent domain rule be applied precisely as it exists in Mississippi, the refusal of the instruction presents reversible error.

No clearer statement of the proper measure of damages can be found than in the exhaustive opinion of SHAPE, J., in *Westside, etc., R. Co.* v. *Stickney,* 150 Ill., 382.

But the distinction must be kept in mind between a suit like this based entirely upon the damage clause of sec. 17 of the constitution, and a condemnation proceeding where property is actually taken for public use in the exercise of the right of eminent domain.    When we come to consider the true measure of damages in cases founded on this clause of the constitution, cases in our state decided before the adoption of our present constitution, dealing with the law of appropriating private property to public use are not authoritative as to the true rule in estimating damage.    The language of the constitution is that private property shall not be damaged, and when the courts come to apply this principle to the facts of any case, they must refer to the general rule, universally recognized and applied in ascertaining the true measure of damages.    Our statute on eminent domain is not even suggestive on this question, much less authoritative.    The proper inquiry is: Has the property been damaged?    And there can be but one way to settle this question, and that is to ascertain whether the property is worth less after the cutting than before.

*Brunini & Hirsch,* for appellees.

Section 17 of our constitution has application as well to counties as to municipalities.    *Rainey* v. *Hinds County,* 78 Miss., 308.

We submit that appellant has wholly misconceived the law on the subject of the measure of damages applicable to cases like the instant one.    It has quoted and cited numerous cases which have no application whatever to the case at bar.    This court, speaking through Judge CALHOON, in *City* v. *Higgins,* 81 Miss., 381 (s.c., 33 South. Rep., 1), says: "There was special damage to

her, and the measure of her right of recovery is 'the difference in the market value of the property with the improvements, and that without it, not considering the general benefits or injuries shared by the public in general.'    Freeman's note to *O'Brien* v. *Philadelphia,* 30 Am. St. Rep., 840.    And so are all the authorities."

It does not take legal apprehension, in view of the foregoing authorities, to see why the court modified appellant's first instruction, or to see the repugnancy of the second requested instruction to the law as announced above.    If said instruction No. 2 had the modification made by the court to appellant's instruction No. 1, it would have been given.

Argued orally by *R. V. Fletcher,* assistant attorney-general, for the appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The first instruction given for the plaintiff is not, we think, fairly open to criticism.    That instruction is as follows: "The court instructs the jury that private property cannot be damaged for public use, except on due compensation being first made to the owner or owners thereof."    If it were the only instruction given there would be more reason for saying that the criticism was not hypercritical.    But there were three other charges given for the plaintiff, and the instructions should be taken as a whole. The learned counsel for appellant is entirely correct as to the true test as to the amount of damages in a case like this.    But we think the third instruction given the plaintiff fully meets this test.    This instruction is in the words following: "The court instructs the jury that, if they should find for the plaintiffs, then they should assess their damages at such sum as the evidence in the case shows to be the difference in the market value of the property before the cut in plaintiff's property was made and the market value of the property immediately after the cut was made; and in arriving at the market value the jury may consider

the situation of the property, the uses to which it was put and adapted, the location of the property as a residence and business point, the fact that changes have to be made by reason of said cut, if any have to be made, the extent and effect of those changes, and the accessibility of the property both before and after the cut." And the latter part of the instruction is entirely proper in view of our decisions.

Besides which, the first instruction given for the defendant states precisely the same test, and we cannot think that that part of the instruction criticized—the last sentence—could possibly have misled the jury. The instruction for defendant is as follows: "The true test for the jury to be governed by is the value of the property before and after the grading; and if the jury believe from the evidence that the property was worth as much immediately after the grading as it was immediately before the work was done, then the jury must find for the defendant. In arriving at the value of the property after the grading, however, the jury are not to consider such benefits as may have accrued to the plaintiffs in common with the general public by reason of the work done on the road, but can only consider such special benefits, if any, as may have accrued to the plaintiffs' property."

The objections made to the evidence are not tenable.

*Affirmed.*