## COLUMBUS & G. RY. CO. *v.* TAYLOR.*

### (Division B.   Jan. 9, 1928.)

### [115 So. 200.   No. 26823.]

1. RAILROADS. *Railroad company is not liable to adjacent land-owners for damages from proper construction and maintenance of roadbed.*

   When railroad company acquires right of way for its roadbed and track through land either by purchase or condemnation, there goes with such right of way exemption from liability to adjacent landowners for all damages done their land, resulting from proper construction and maintenance of its roadbed and track.

2. WATERS AND WATERCOURSES. *Corporation building railroad in manner causing injury to another by obstructing flow of surface waters when another method equally good would not be injurious, is liable.*

   Corporation building railroad in manner which would naturally result in injury to another, by obstructing flow of surface and overflow waters, when another method equally safe, convenient, and inexpensive would not be injurious to others, is liable for injury.

3. WATERS AND WATERCOURSES. *Instruction authorizing damages to adjoining landowner from surface waters, though defendant's railroad was properly constructed, held erroneous.*

   In action for damages alleged to have been done to plaintiff's land in construction and maintenance by defendant of its railroad, instruction authorizing verdict for plaintiff for damages from surface water, caused by railroad embankment preventing water from running off plaintiff's land, even though defendant's roadbed and track were properly constructed and maintained, *held* erroneous.

*Corpus Juris-Cyc. References: Railroads, 33Cyc., p. 161, n. 90; p. 353, n. 63; Waters, 40Cyc., p. 644, n. 26; p. 654, n. 90. On right of grantor of railroad right of way of his privy to recover damages for interference with surface water by construction of road, see annotation in 19 A. L. R. 487; 22 R. C. L. pp. 892, 895; 4 R. C. L. Supp. 1479.

Appeal from circuit court of Sunflower county.

Hon. S. F. Davis, Judge.

Action before a justice of the peace by Leslie J. Taylor against the Columbus & Greenville Railway Company. From a judgment for plaintiff, defendant appealed to the circuit court, where judgment was rendered for plaintiff, and defendant appeals. Reversed and remanded.

*Chapman, Moody & Johnson* and *A. F. Gardner,* for appellant.

The instruction complained of imposes liability merely because the railroad dump obstructed the flow of water. That only, according to the instruction, constituted the liability. This is not the law. The attorneys for the appellant obviously succeeded in persuading the trial judge that the mere obstruction of surface water, as a consequence of which damage to land resulted, constitutes a cause of action. This is evident by a mere perusal of the complaint, the testimony in support of it and the instruction, just quoted. As stated by this court in a very masterly opinion, to which attention shall later be directed, the extent of the "modification of the common law announced in the Sinai case, and followed since, seems to have been wholly ignored in the court below" both by the court and the appellee's attorneys. It was argued, on the trial below, as we understood it, that the principle announced in the Sinai case, and followed since, was not applicable for the reason that surface water, that is surface water caused from the fall of rain, was not of the same category as "surface overflow and vagrant waters" or "vagrant waters." In short that that principle had no application to the obstruction of surface water that was caused by the fall of rain. But, whatever our understanding may have been, the fact still remains that the question this court is called on to decide is whether that principle is applicable to the cause of action sued on, and the evidence offered in support of it,

as shown by record on this appeal. The principle is so clearly stated in the Sinai case that it would be a superfluous act, on our part, to attempt to restate it. To quote · it would only add to the length of this brief. We shall therefore, content ourselves by citing that case and a more recent case in which the principle was recognized, followed and applied. To that end we cite: *Sinai* v. *Railway Co.*, 14 So. 87, 71 Miss. 547; *M. & O. R. R. Co.* v. *Tays,* 107 So. 871.

*B. B. Allen* and *F. M. Featherstone,* for appellee.

Counsel has anchored his defense to the cases of *Sinai* v. *Railway Co.* and *M. & O. R. R. Co.* v. *Tays,* and we shall discuss them in the order named. In the Sinai case, which appears to have most of the ear-marks of the case at bar, a demurrer was interposed to the declaration, and on being sustained, was appealed to this court and reversed. This court discussed vagrant and surface water, and the common-law rule as changed to meet the new conditions, and announced on page 89, this principle: "The execution of its rights in a particular method foreseen to be fraught with evil and injury to others, when another method equally safe and convenient and useful is rejected, will subject the corporation to the imputation of wilful negligence."

In *Tays case, supra,* the court had under consideration "overflow vagrant waters," and the answer set up, and proof sustained it, that it was only waters from Osbourne creek that, passing under the trestle, would increase the velocity of the flow over lands of Tays and cause the injury; it was not the natural flow of surface water that was complained of, but waters jumping out of the banks of Osbourne creek after hard rains that would be obstructed in passing under the trestle and cause the injury, the court saying: "The answer specifically stated that the natural flow of water would not be diverted, but that the only water that would be affected by the con-

struction of its embankment and the placing of its tracks upon said embankment, filling in the unfilled space in said trestle, would be the overflow vagrant waters." And in passing on this question the court had under consideration the question of obstructing flow of "overflow vagrant waters," and not the natural flow of surface waters. And it quoted for adoption and with approval from *Railroad* v. *Beard,* 48 So. 405, 93 Miss. 294, defining and dealing with "vagrant flood-waters."

See, also, *McGarrah* v. *Southern R. R. Co.,* 79 So. 180; *Y. & M. V. R. R. Co.* v. *James,* 79 So. 65; *Thompson* v. *Mobile, J. & K. C. R. Co.,* 61 So. 596; *Yazoo & M. V. R. R. Co.* v. *Scott,* 70 So. 459.

ANDERSON, J., delivered the opinion of the court.

The appellee brought this action before a justice of the peace of Sunflower county against the appellant to recover damages alleged to have been done to appellee's land in the construction and maintenance by the appellant of its railroad, and recovered damages in the sum of two hundred dollars. From that judgment, appellant prosecuted an appeal to the circuit court of Sunflower county, where there was a trial, which resulted in a judgment for appellee in the sum of one hundred fifty dollars. From that judgment, appellant prosecutes this appeal.

The only error argued by appellant is the giving of the following instruction for the appellee:

"The court instructs the jury, for the plaintiff, that if you believe from the evidence that the natural flow of water on the lands in question is towards the right of way of the defendant's track, and that the embankment built up by the railroad for its track prevented the water from running off of the lands of plaintiff, and thus inundating the lands of plaintiff adjacent to the said right of way, and that plaintiff suffered thereby, then the defendant is liable."

The appellant's criticism of the instruction is that it authorized the jury to find liability on its part for the alleged damage to appellee's land, regardless of whether appellant's roadbed and track was properly constructed and maintained or not. We think the appellant's objection to the instruction is well founded. It is not the law that a railroad company is liable to an adjacent landowner for the damages done his land by the *proper* construction of its roadbed and track. It is only liable for such damages resulting from the improper construction and maintenance of its roadbed and track. When a railroad company acquires a right of way for its roadbed and track through land, either by purchase or condemnation, there goes with such right of way exemption from liability to adjacent landowners for all damages done their land, resulting from the proper construction and maintenance of its roadbed and track.

The alleged damage to appellee's land was by surface or overflow waters. Such waters are a common enemy, and may be fought off by a landowner according to his necessities, without liability to an adjacent landowner for damages resulting therefrom. This principle is qualified by the rule that the railroad company must use the land condemned so as not to unnecessarily injure others. Hence a corporation, building a railroad in a manner which will naturally result in injury to another by obstructing the flow of surface and overflow waters, when another method, equally safe, convenient, and inexpensive, would not be injurious to others, is liable for such injury. *Sinai* v. *Railroad Co.*, 71 Miss. 547, 14 So. 87; *Railroad Co.* v. *Tays,* 142 Miss. 743, 107 So. 871.

The instruction complained of ignored the principle laid down in those cases. It authorized the jury, as stated, to return a verdict for appellee, even though appellee's roadbed and track were properly constructed and maintained.

*Reversed and remanded.*