MISSISSIPPI STATE HIGHWAY DEPARTMENT *v.* BLACKBURN *et al.*

(Division A. March 18, 1935.)

[160 So. 73. No. 31623.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

**J. P. & A. K. Edwards,** of Mendenhall, for appellees.

Argued orally by **E. R. Holmes, Jr.,** for appellant, and by **J. P. Edwards,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

The State Highway Department, appellant here, instituted an eminent domain proceeding in a justice of the peace court as provided for by chapter 26, Code 1930 (section 1480 et seq.), by the authority vested in it by section 4998, Code 1930. The eminent domain court awarded damages to the appellees; the State Highway Department appealed to the circuit court, where there was a trial de novo resulting in a verdict for four thousand dollars in favor of appellees, and judgment accordingly, and from this judgment the State Highway Department appeals here. The only question submitted to the jury was the determination of the value of the property taken.

In Mendenhall, Miss., Blackburn and wife owned about three acres of land with a dwelling house and outhouses thereon, and which was their residence. About one-half of this lot was taken for public use, and therein was included the residence. The house was built in 1922,

and with the land was purchased by Blackburn in 1927 for three thousand five hundred fifty dollars.

Witnesses for the petitioner, the State Highway Department, testified as to the difference in the fair market value of the property at and before the time it was taken, and the fair market value of what was left, the estimations varying, the highest being about two thousand five hundred dollars.

Witnesses for the appellees testified generally without regard to the difference between the fair market value of the property before and after the taking, but rather based their estimates at a replacement value of the house which was taken by the Highway Department, thus being a total loss to the appellees. Some of the witnesses placed their estimates of the value thereof as that of a dwelling house in Mendenhall, less depreciation by its use and age, and by this method the highest valuation of the appellees was about four thousand two hundred dollars.

Objection was made by the appellant to the evidence of the replacement value, which objection was overruled by the court, but that action of the court is not here assigned as error.

The court below gave numerous instructions for the appellant, fixing the measure of damages as the difference between the fair market value of the land and buildings before the taking, and the value of what remained after the taking.

The only error assigned here is the action of the court in granting instruction No. 3 for the appellees, which is as follows: "The court instructs the jury for the defendants that the constitution of the State of Mississippi requires you to award to the defendant in this case a sufficient sum or amount to rebuild the house which was condemned by the petitioner, less the depreciation in the value of same from a new building to that which was

condemned, and also to award them a fair price as the value of the lots taken for the right-of-way."

Aside from any other criticism of this instruction, it was, in substance, a different rule from the measurement of damages given by the court for appellant, and, for convenience, we shall denominate it a replacement measure of damages. None of the instructions given on behalf of the appellant cured, or in any wise affected, as we view the matter, the granting of this instruction. It will be seen that the jury were given two separate rules for measuring damages to be awarded the appellees in this case, and these two rules are not consistent with each other.

A clear statement of the rule of eminent domain is found in the case of Schlicht v. Clark, 114 Miss. 354, 75 So. 130, 131, wherein this court said: "We think the true rule of estimating damages in cases of this kind is laid down in City v. Higgins, 81 Miss. 376, 33 So. 1, and is the difference in the market value of the property with the improvement and that without it, without considering general benefits or injuries shared by the public in general." See, also, Richardson v. Board of Levee Commissioners, 68 Miss. 539, 9 So. 351. The fair market value is the rule applicable to eminent domain proceedings. 20 C. J. 727. And the rule stated above is found in 20 C. J. 732.

The price paid by the owner for the property is not the test, neither is the valuation thereof as related to the owner, nor can it be affected by his sentiment in respect thereto.

From what we have stated, the jury had no clear guide as to the admeasurement of damages in this case.

The error of giving the replacement instruction is not cured by the other instructions, and as the jury awarded, approximately, the highest estimate, according to the replacement value, we are of the opinion that they were influenced by the erroneous instruction.

It is insisted by the appellees that the case of Sullivan v. Board of Sup'rs of Lafayette County, 61 Miss. 271, 282, is authority for the granting of this instruction. We do not so read the opinion in that case. The question as to the rule for the admeasurement of damages in such a case was not there being considered by the court, and was not before the court.

We think the case should be submitted to another jury. Reversed and remanded.