STATE HIGHWAY COMMISSION *v.* CORLEY *et al.*

(Division B. Oct. 2, 1939.)

[191 So. 119. No. 33782.]

438

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

**W. U. Corley,** of Collins, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court of Covington County rendered in favor of the appellees in

the sum of $250 for damages alleged to have been caused by the appellant in raising the grade of Highway No. 84 in front of their residence property within the corporate limits of Collins, Mississippi.

The appellees own an entire block of land fronting on the said Highway No. 84, the right of way of which is 100 feet in width, but within which the abutting property owners on each side thereof constructed gravel sidewalks a few years ago with the consent of the municipality, and which were placed within a ten foot strip of said right of way abutting their respective properties. It appears that before the grade of the highway was raised, there was a drain for water alongside of the sidewalk in front of the residence of the appellees, but that when the grade of the highway was raised the drain was filled by dirt washing from the road-bed, and which caused the gravel sidewalk to be washed away by rains. Due to the fact that appellees had constructed a concrete curb on their front property line, there was no overflow of any of their property, and their claim of damage to the property consisted in the reduction of the market value of the property by reason of the raising of the grade of the highway, the difficult accessibility thereto from in front of the residence and the other above-mentioned consequences resulting therefrom.

We are of the opinion that the alleged results of the raising of the grade of the highway was a proper element of damages, but there was no proof offered on the specific question as to what was the fair cash market value of the property before the grade of the highway was raised and its fair cash market value thereafter. Proof merely tended to show what it might cost to restore the gravel sidewalk and to remedy the condition complained of regarding the drain so as to prevent its recurrence. See City of Meridian v. Higgins, 81 Miss. 376, 33 So. 1; Schlicht v. Clark et al., 114 Miss. 354, 75 So. 130, for a statement of the rule as to the measure of damages in such cases.

The garage of the appellee fronted on a side street which intersected Highway No. 84. The grade of the side street in front of the garage was not changed. However, the proof disclosed that a dirt fill was constructed by the appellant across this side street where it intersected and crossed the said Highway No. 84. The appellees complained that this fill was so steep that they were unable to drive their car up onto the highway at this point of intersection, and that this was especially true during rainy weather. The court below allowed the case to go to the jury on this claim of damage, but we are of the opinion that the proof offered by the appellees failed to show that they suffered any damage on account thereof different to that suffered by the general public in the use of the said side street. The fact that the appellees may have had occasion to drive along this street, and endeavor to ascend this dirt fill more frequently than would other members of the traveling public, would not be the test. The same inconvenience was experienced by others when they would undertake to use the side street at that point as was experienced by the appellees. Hence there could be no recovery of damages on that item of the claim.

Referring again to the damage claimed on account of the gravel sidewalk being washed away in front of the residence, it is true that the sidewalk was located in the street or right of way of Highway No. 84. The rule is that evidence as to the particulars of details in which the property will be damaged is admissible insofar as the same tends to show the effect of the raising of the grade of the highway on the value of the property, and this rule would permit the introduction of evidence to show the destruction of the sidewalk and filling up of the drain to the same extent that such rule would permit evidence to show the raising of the grade of the highway, on the issue of showing that the fair cash market value of the residence property of the appellees had been damaged by what was done by the appellant in making the improvement in question, although the specific damage to the sidewalk itself may

not be recovered on account of the fact that it was a part of the street.

Under the circumstances, we have concluded that the case should be reversed and remanded for a new trial in accordance with the principles herein announced.

Reversed and remanded.