MISSISSIPPI STATE HIGHWAY COMMISSION *v.* PREWITT *et al.*

(Division B. Nov. 13, 1939.)

[192 So. 11. No. 33872.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

**Jack B. Carlisle**, of Ackerman, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment in an eminent domain condemnation proceeding for property condemned for a highway. In the eminent domain court, there was a judgment for $500, damages for the property taken under the proceedings, and for damage to the remaining land; from which judgment an appeal was taken to the circuit court where the case was tried anew, and a judgment for the same amount was rendered in the circuit court. The evidence as to the amount of damages, both as to the land taken for the highway and for the damage to the remainder of the land after the taking, was conflicting. There was testimony both above and below the amount awarded.

The appeal presents questions of the propriety of certain instructions refused to the Highway Commission. We have examined the instructions given and are of the opinion that they sufficiently and fully announce the law as a guide for the jury and that consequently there was no error in refusing other instructions. Some of the instructions contained this language: ''the difference in the market value of the property with the improvement, and that without it, not considering general benefits or injuries shared by the public in general.'' The use of the words ''with the improvement'' is not accurate. The

difference in the value to be determined is the difference immediately before the taking and immediately after the taking of the property in the condemnation proceedings, and not whether after improvements are made the land might be worth as much or more with the improvements than without them. A highway might exist in an unimproved condition for several years, and then be improved by being paved or otherwise changed for betterment, and it might take a considerable period of time to determine whether there was an increase in value or not. Consequently, the court did not err in refusing such instructions.

The other instructions requested and refused would tend to confuse a jury rather than to enlighten it. In considering instruction on appeal, if the instruction given properly and sufficiently announced the law applicable to the case the court will not reverse, even though other instructions announce correct principles.

We find no reversible error in the case.

Affirmed.