MISSISSIPPI STATE HIGHWAY COMMISSION *v.* HILLMAN *et al.*

(In Banc. Nov. 11, 1940.)

[198 So. 565. No. 34137.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

858

J. W. Backstrom, of Leakesville, for appellant.

**O. F. Moss,** of Lucedale, for appellees.

862

**Smith, C. J.,** delivered the opinion of the court on Suggestion of Error.

The judgment of the court below was reversed at the last term of this Court by Division A thereof, 195 So. 679. The appellees have filed a suggestion of error thereto, which the Court in banc, after mature consideration, is of the opinion should be overruled, that the former opinion herein should be withdrawn and the one now to be

rendered should be substituted therefor. The writer of the former concurring opinion withdraws it also.

This is an eminent domain proceeding in which the appellant seeks to condemn a strip of land through the appellees' farm for the construction of a highway thereon. It was begun in a special eminent domain court, created under Chapter 26, Section 1480 et seq., Code of 1930, and when it came to and was tried in the court below, the highway for which the land is sought to be condemned had been practically completed. The court below refused the appellant's request for an instruction charging the jury, "that the burden of proof in this case is upon the defendants to establish by a preponderance of the evidence the damages, if any, sustained by the taking of the property described in the application herein for the purpose of using and constructing a public highway."

Two of the instructions granted the appellees are as follows:

(1) "The defendants are entitled to due compensation, not only for the value of the property to be actually taken as specified in the application, but also for damages, if any, which may result to them as a consequence of the taking; and you are not to deduct therefrom anything on account of the supposed benefits incident to the public use for which the application is made;" and

(2) "The court instructs the jury for the defendants that the measure of damages in this cause is the difference between the fair market value of the property before taking and the fair market value of what remains after the land is taken and said public road constructed, or the difference between the fair market value of the entire tract before and after the taking and construction of said public road."

Among the appellant's complaints are, (1) the refusal of the appellant's requested instruction as to the burden of proof; (2) that the two instructions granted the appellees above set out "state different and distinct formulas for measuring damages;" (3) the inclusion of the words "and construction of said public road" in the second

of these two instructions for the appellees; (4) over the appellant's objection, incompetent evidence was permitted to be introduced by the appellees as to the compensation that should be awarded them for the taking of the land.

No error was committed by the court below in refusing to instruct the jury that the burden of proof as to the damages to be here awarded was upon the appellees, the defendants in the court below. As was said in our former opinion [195 So. 681]: ''We have no statute, which, in express terms, fixes the burden of proof in eminent domain proceedings. Section 1482 of the Code of 1930 provides, among other things, that the application for condemnation 'shall state with certainty the right and describe the property sought to be condemned, showing that of each defendant separately.' Section 1490 provides that evidence may be introduced by either party, but fails to fix the burden. The party who has the burden of proof may be determined by considering which would succeed if no evidence was offered, and by examining what would be the effect of striking out of the record the allegations to be proved. The onus must be on the party who, under such test, would fail. Porter v. Still, 63 Miss. 357; Town of Ackerman v. Choctaw County, 157 Miss. 594, 128 So. 757. Under those principles, could the Highway Commission stop by simply showing what it wanted for a right of way without going into the question of damages to the landowner? We think not. . . . The Highway Commission is the actor. It must make out its case before the landowner is called on to introduce evidence.''

In order for us to decide the remaining questions presented, it will be necessary for us to determine what is the measure of the compensation or damages to be awarded the appellees for the taking of their land. There is an apparent conflict in the decisions of this Court dealing with the measure of damages, or compensation to be awarded the owner of land when a part thereof is taken in an eminent domain proceeding. That this conflict is

apparent only, and not real, will appear when each of these decisions is viewed in the light of the facts of its case, and the particular questions which the Court was then considering. None of the cases required a statement of all of the law governing the measure of damages in an eminent domain proceeding, and neither does the one now being rendered.

Section 17, Constitution of 1890, provides that "private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof." Due compensation is made the owner of a tract of land when a part thereof is taken for public use when he is paid the value of the land taken and the damages, if any, which result to him as a consequence of the taking (Section 1491, Code of 1930, and a long unbroken line of decisions by this Court), without considering either general benefits or injuries resulting from the use to which the land taken is to be put, shared by the general public. Schlicht v. Clark, 114 Miss. 354, 75 So. 130; City of Meridian v. Higgins, 81 Miss. 376, 33 So. 1; Warren County v. Rand, 88 Miss. 395, 40 So. 481; Mississippi State Highway Dept. v. Blackburn, 172 Miss. 554, 160 So. 73; Mississippi State Highway Comm. v. Chatham, 173 Miss. 427, 161 So. 674; Mississippi State Highway Comm. v. Corley, 186 Miss. 437, 191 So. 119. Many of the cases hereinafter cited sustain the exclusion of general benefits shared by the general public without mentioning general public injury; as do also Brown v. Beatty, 34 Miss. 227, 69 Am. Dec. 389; Isom v. Mississippi Central R. Co., 36 Miss. 300; Penrice v. Wallace, 37 Miss. 172; New Orleans, etc., R. Co. v. Moye, 39 Miss. 374. The instruction prescribed by Section 1491, Code of 1930, for use in the eminent domain court there created, does not include the exclusion of injuries shared by the general public unless by necessary implication, as to which we express no opinion, for, be that as it may, due compensation under Section 17 of our State Constitution is a judicial and not a legislative question. Isom v. Mississippi

Central R. Co., 36 Miss. 300. While the foregoing rule sets forth the elements that enter into the determination of what is "due compensation" in an eminent domain proceeding, the trial court, other than the special eminent domain court, created by Chapter 26, Section 1480 et seq., Code of 1930, is not restricted to a particular formula when charging the jury thereon. Mississippi State Highway Comm. v. Reddoch et al., 184 Miss. 302, 186 So. 298; Mississippi State Highway Comm. v. Huff (Miss.), 186 So. 314. All that is necessary is that the charge when applied to the facts of the particular case meet these requirements.

There is a conflict in the authorities elsewhere as to whether the formula now to be stated for measuring the compensation to be awarded the owner in an eminent domain proceeding, when a part of his land is taken for public use, embraces all the elements hereinbefore set forth that should enter into the determination thereof. This Court holds that it does. That formula is: When part of a larger tract of land is taken for public use, the owner should be awarded the difference between the fair market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking, without considering general benefits or injuries resulting from the use to which the land taken is to be put, that are shared by the general public. Sullivan v. Board of Supervisors, etc., 61 Miss. 271; Balfour v. Louisville, N. O. & T. R. Co., 62 Miss. 508; City of Meridian v. Higgins, 81 Miss. 376, 33 So. 1; Warren County v. Rand, 88 Miss. 395, 40 So. 481; Schlicht v. Clark, 114 Miss. 354, 75 So. 130; Mississippi State Highway Dept. v. Blackburn, 172 Miss. 554, 160 So. 73; State Highway Comm. v. Chatham, 173 Miss. 427, 161 So. 674; State Highway Comm. v. Corley, 186 Miss. 437, 191 So. 119; Mississippi State Highway Comm. v. Williamson, 181 Miss. 399, 179 So. 736; State Highway Comm. v. Day, 181 Miss. 708, 718, 180 So. 794; Mississippi State Highway Comm. v. Prewitt, 186 Miss. 778, 192 So. 11; Mississippi

State Highway Comm. v. Smith (Miss.), 192 So. 448; State Highway Comm. v. Brown, 176 Miss. 23, 33, 168 So. 277.

None of these cases state this formula in its entirety, but it is manifest from its opinions that this Court has not understood any of them as excluding any of the elements that enter into determining the compensation to be awarded the landowner that are embraced in the formula as hereinbefore set out. Each opinion as hereinbefore said must be construed in connection with the facts of the case the court was then considering, and the particular questions there presented for decision.

There are exceptional cases to which this before and after taking rule is not applicable. Richardson v. Board of Levee Commissioners, 68 Miss. 539, 9 So. 351. For example the taking of a few, and the damaging of a few more, acres of a large plantation might not decrease the market value of the plantation, nevertheless, its owner would have lost the value of the land taken and suffered the damage inflicted on a part of the plantation remaining. Whether the rule is applicable in a particular case depends on its facts. Mississippi State Highway Comm. v. Day, 181 Miss. 708, 180 So. 794. Nothing in this record indicates that the rule is not applicable to this case, consequently, it must be applied thereto. It follows therefore that the two instructions do not "state two different and distinct formulas for measuring damages." The before and after taking instruction simply sets forth a formula for arriving at the damages which the other instruction directs the jury to award the appellees. Cf. Mississippi State Highway Comm. v. Randle, 180 Miss. 834, 839, 178 So. 486, 179 So. 273.

The before and after taking instruction granted in the court below does not contain the qualification that general benefits and injuries shared by the general public should not be considered, and that the market value of the land must be that immediately before and after the taking, but the parties hereto cannot complain thereat.

The appellees do not and could not for they requested the instruction, and the appellant cannot for it is not harmed thereby. There was no evidence by the appellant as to general benefits and none by the appellees as to general injuries, shared by the general public and none by the appellees or appellant as to market value prior or subsequent to the taking of the part sought to be condemned for highway purposes.

No error was committed by the use of the words "and construction of said public road" in the before and after instruction. One of the elements that enter into the determination of the diminution of the market value of the land remaining after the taking of a part thereof for public use is the use to which the land taken is to be put. The owner of the land is not restricted to the recovery of damages to the remainder from the mere taking of a part thereof, but is entitled to recover all special damages that may result to the remaining land from the public use to which the part taken is to be put. Sullivan v. Board of Supervisors, 58 Miss. 790, 803. After announcing this rule, it was there said: "It may be necessary to throw up an embankment on appellant's [the landowner's] land to construct the highway, and this may, in seasons of rain or unusual high waters, cause the adjacent land to be submerged, in which event he would be entitled to compensation for that injury."

The compensation awarded the landowner in an eminent domain proceeding is conclusively presumed to include all damages resulting to him from the proper use of the land taken, here specifically from the proper construction of the contemplated highway. Among the cases in which this Court has so held are Yazoo & M. V. R. Co. v. Davis, 73 Miss. 678, 693, 19 So. 487, 32 L. R. A. 262, 55 Am. St. Rep. 562; Columbus & G. R. Co. v. Taylor, 149 Miss. 269, 115 So. 200; and Robertson v. New Orleans & G. N. R. Co., 158 Miss. 24, 35, 129 So. 100. Injuries to the appellees' remaining land from the use to which that taken is to be put affect, of course, its market value. Cf.

Mississippi State Highway Comm. v. Prewitt, 186 Miss. 778, 192 So. 11.

This brings us to the appellant's complaints as to the evidence introduced by the appellees on the question of damages. The before and after taking rule being the measure of damages applicable to this case, it follows that the appellees cannot recover damages for specific injuries to their remaining land, but that evidence of such injuries is competent if, but not unless, they would affect the market value of the remaining land. Schlicht v. Clark, 114 Miss. 354, 363, 75 So. 130; Mississippi State Highway Department v. Blackburn, 172 Miss. 554, 160 So. 73; Mississippi State Highway Comm. v. Hudgins, 182 Miss. 518, 181 So. 719; Mississippi State Highway Comm. v. Randle, 180 Miss. 834, 178 So. 486, 179 So. 273; Mississippi State Highway Comm. v. Smith (Miss.), 192 So. 448; Mississippi State Highway Comm. v. Corley, 186 Miss. 437, 191 So. 119.

It is frequently difficult to determine whether evidence offered to prove the market value of land is relevant thereto for the line of demarcation between relevancy and irrelevancy is exceedingly close. "Land has no market value, in the sense that stocks, bonds, and other public securities have a market value, or even as the common and ordinary articles of commerce have such market value; and because thereof the rules of evidence for the proof of the value of the land are modified to meet the circumstances of the situation." Levee Commissioners v. Dillard, 76 Miss. 641, 650, 25 So. 292, 294. It would be impossible, and is wholly unnecessary, for us to here discuss the modifications of the general rules of evidence as to market value of land. It will be sufficient now to say that "the market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it" (2 Lewis Eminent Domain (3 Ed.), Section 706; State Highway Comm. v. Buchanan, 175 Miss. 157, 190, 165 So. 795, 166 So. 537),

in proving which, as to land, ''All the facts as to the condition of the property (land) and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value. Of course circumstances and conditions tending to depreciate the property are as competent as those which are favorable.'' Lewis, op. cit., section 706.

The appellees were permitted to introduce evidence that because of the taking of a part of their land by the appellant, it would be necessary for them to incur certain specific items of expense in the use and enjoyment of their remaining land, in such form as to suggest to the jury that each might be considered as a separate item of damage, and not simply as a fact bearing on the market value of the remaining land. This should not have been permitted. Among these items were: The expense of (1) building a fence on each side of the highway; (2) rebuilding a chicken yard fence, one side of which was on the land taken; and (3) re-establishing a fishpond that was partly on the land taken and destroyed by the construction of the highway. If these fences and the fishpond were reasonably necessary for the use and enjoyment of the remaining land, the determination of which was for the jury, the expense of constructing them could be considered by the jury in determining the market value of the land, but not as constituting separate items of damage.

The construction of the highway increased the distance to be travelled to and from the appellees' dwelling house and a public road, and they were wrongly permitted to introduce evidence that the inconvenience resulting therefrom damaged them to the amount of $500. Such inconvenience, and whether it could have been removed at a reasonable expense, was a fact to be considered by the jury in fixing the market value of the land remaining after the taking of a part thereof, but not as a separate item of damage. Mississippi State Highway Comm. v. Williamson, 181 Miss. 399, 407, 179 So. 736. After in-

troducing evidence as to the value of the land taken, the appellees offered, and were wrongly permitted to introduce, evidence of the value of a number of trees that were on the land taken as a separate item of damage. The compensation to be awarded the owner of land taken "should be estimated for the land as land, and not for the materials which compose it," Lewis, op. cit., section 724, par. (b); Sec. 5006, Code of 1930, and the term "land" embraces its natural products growing thereon, e. g. trees, Harrell v. Miller, 35 Miss. 700, 72 Am. Dec. 154. Consequently, the value of these trees does not constitute a separate item of damage to the appellees, but was for consideration by the jury only in arriving at the value of the land on which they were.

The appellees' evidence that the appellant had been requested, but refused, to construct a passageway under the highway connecting the two severed portions of the appellees' property, and that had it been constructed the appellees' damages would have been greatly reduced thereby, should not have been admitted. The appellant was under no duty to construct such an underpass. Of course, it could have, had it so desired, constructed an underpass, and it may be that the market value of the remainder of the property would have been thereby enhanced, thus lessening the damages it would have to pay the appellees; but, it was under no duty to do this.

The witness Tillman testified that the market value of the land was $24,220 before, and $15,475.89 after, the taking, arriving at this second value by deducting from the first $8,744.11. He had testified as to the value of the land taken, and had also given his opinion as to the amount in dollars and cents the appellees would be damaged because of specific injuries to the remaining land about which he testified and expense necessary to be incurred by the owners in the use of it. The appellant's complaint here is not that a witness may not give his opinion as to the damages resulting from injuries to land, as to which we therefore express no opinion, but

that Tillman arrived at the $8,744.11 by adding to the value he had placed on the land taken the aggregate of what he had said the specific items of injury and expense would be, thus doing indirectly what the jury itself were not authorized here to do, i. e., consider each of these specific items as separate elements of damage for which the appellees could recover and not merely as bearing on the market value of the remaining land. He should not have been permitted to do this.

Suggestion of error overruled.