STATE HIGHWAY COMMISSION *v.* CHATHAM *et al.*

(Division B. May 20, 1935.)

[161 So. 674. No. 31736.]

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellant.

Sillers & Roberts, of Rosedale, and **W. B. Alexander, Jr.**, of Boyle, for appellees, and cross-appellants.

**Griffith, J.**, delivered the opinion of the court.

Appellees are the owners of a lot at the corner of Front street and McKinley avenue in the town of Shaw in Bolivar county; the lot having a width of one hundred five feet on Front street and a depth of two hundred ten feet along McKinley avenue. Upon this lot there had been erected a modern residence with concrete basement and heating equipment. This residence property heretofore was highly desirable and peculiarly valuable because of its convenient location, which, at the same time, was in a quiet and somewhat secluded place, free from highway traffic and the disturbance and other inconveniences incident thereto.

In 1934, in the permanent location of the main interstate highway known as United States highway No. 61, the highway commission determined to transfer the location from a route about one-fourth of a mile distant from

the above-described property, and to cause the highway in its permanent location to follow McKinley avenue, which would carry the highway alongside appellees' property and to the east thereof for the two hundred ten feet mentioned. The total width of McKinley avenue is forty feet. The plans for the highway required forty feet from curb to curb of the highway to be paved, but required also an additional ten feet on each side to constitute what is sometimes denominated a neutral ground. Apparently the commission and owners could not agree upon the price to be paid for the ten-foot strip to be taken from appellees' above-described property, and the commission instituted condemnation proceedings. The special court of eminent domain made an award of one thousand dollars from which the owners appealed, and on the trial in the circuit court the jury returned a verdict of one thousand five hundred dollars from which both sides have appealed.

In the trial of the case it was the theory of appellee owners that the measure of damages is the difference in the fair market value of the property before the location of said highway adjacent to said property and the fair market value after the location and opening of said highway to traffic, and ten or twelve witnesses were introduced by the owners who were allowed by the court to present their estimate of the damages upon that basis. These witnesses estimated the previous value at from seven thousand five hundred dollars to nine thousand dollars, and the value after the relocation of the highway at from thirty to sixty per cent less, and it was made definitely to appear in the examination of these witnesses that the main element in the damages considered by them was the detriment to the property simply on account of the main or general fact of the relocation of the highway adjacent to the property, hurtful to its quietude and seclusion.

The highway commission throughout the trial objected at every stage of the proceedings to any testimony or any estimate of damages which included as an element the detriment or damage consequent upon the location of the highway in the immediate vicinity of the property and the injury caused to the value of the property by the change of its character from a quiet and secluded location to one upon a heavily traveled main state highway; but the court overruled all these objections, and permitted the estimates of the damage as contended for by the owners to go to the jury.

It often happens that a residence property, as in the case before us, is substantially hurt in value by the location of a railroad or a hard-surfaced public road adjacent to the property. It more often happens that the value of property adjacent to such a public highway is enhanced thereby. But the rule in this state is familiar to all that when a part of the property so enhanced in value is to be taken for the public improvement, no deduction is to be made out of the value of the part taken on account of the enhancement to the value of the remainder not taken. Conversely, when the location of a public highway is adjacent to a particular property which is hurt by the fact that the highway is so near in location, no increase in the value of the part taken for the highway is to be assessed because of the detriment to the remaining part which has resulted solely from the general fact that the highway has been located in that immediate vicinity.

The law makes it the duty of the highway commission to locate state highways and to construct them. When the commission has procured the right of way, it may locate a state highway immediately adjacent to and abutting upon the property of a private owner, and that owner has no claim for damages because the highway by its location and solely on that account has been detrimental to the abutting property; no person or agency

is liable in damages for doing what he or it has the legal right to do. See the authorities grouped under note 3 in 20 C. J., p. 796. Consequently, when the public highway has been located adjacent to an abutting property and the highway commission requires a strip off of that abutting property to complete the highway so located, the detriment or damage incident solely to the location of the highway adjacent to the property cannot be brought into the assessment of damages for the taking of the strip, in so far as the actual or supposed detriment is one in which the owner shares with all others of the public similarly situated.

In Robertson v. New Orleans, etc., R. Co., 158 Miss. 24, 129 So. 100, the court had occasion to fully review the subject of damages or detriment to residence property because of the location of a railroad line adjacent to the property, and there it was held that the property owner was not entitled to consequential damages because of the location of the main line when used in its normal, station-to-station traffic, however heavy that traffic might be. The rule with equal reason applies to the location of other public highways. The rule still holds when a part of the property in question is to be taken for the highway, so that any consequential damages solely because of the increased traffic to be carried on the highway and the incidents of that traffic are not elements for consideration at all, as has been stated in the preceding paragraphs. See, also, Yazoo & M. V. Railroad Co. v. Jennings, 90 Miss. 93, 43 So. 469, 122 Am. St. Rep. 312, and Schlicht v. Clark, 114 Miss. 354, 75 So. 130. The case of Kwong v. Levee Com'rs, 164 Miss. 250, 144 So. 693, is not in point, for that was a case where an established business property was being damaged by closing a portion of a street and otherwise so circumscribing the property by what was being taken as to cut off its access to its established trade. There the traffic was being cut off or decreased, while

here the complaint is that traffic has been, and will be further, increased, which latter, if a detriment, is one which is shared by the public in general. See Schlicht v. Clark, supra, p. 362 and 1 Elliott, Roads & Streets (4 Ed.), pp. 358, 359.

It will be observed that we have addressed ourselves to the precise question that no increase in the amount to be awarded is to be had solely because of the location of the highway adjacent to the property and in respect to any detriment on that account which is shared by all others of the public similarly situated. We leave aside and do not embrace in this opinion or decision anything in respect to any substantial element of damage to the non-appropriated portion of the property by such detriments as may come under the term physical invasion of the non-appropriated property as that term is understood in the law and wherein that detriment or damage is special and peculiar to the particular owner as distinguished from all others of the public similarly situated; nor do we consider the effect of the fact that the traveled portion of the new location of the highway adjacent to the property had already been opened as a municipal street. As bearing upon the reserved questions, see King v. Ry. Co., 88 Miss. 456, 42 So. 204. 7 L. R. A. (N. S.) 1036. 117 Am. St. Rep. 749; Alabama & V. Ry. Co. v. King. 93 Miss. 379, 47 So. 857, 22 L. R. A. (N. S.) 603; Williams v. Ry. Co., 110 Miss. 174, 69 So. 596; Railroad Co. v. Davis, 73 Miss. 678, 19 So. 487.

Because of the admission of the evidence which placed before the jury improper and inadmissible elements for the measure of damages, the judgment must be reversed on the direct appeal, and the cause remanded for a new trial. The cross-appeal is not maintained for two reasons: The sole assignment of error on the cross-appeal is that the verdict is inadequate, but cross-appellant made no motion for a new trial. In Coccora v. Light & Traction

Co., 126 Miss. 713, 89 So. 257, and in St. Louis & S. F. Railway Co. v. Bridges, 156 Miss. 206, 125 So. 423, it was held that an assignment that a verdict is excessive cannot be reviewed in the absence of a motion for a new trial. In Justice v. State, 170 Miss. 96, 154 So. 265, it was held that a verdict cannot be reviewed here on the assignment that it is against the great weight of the evidence, unless that question had been presented to the trial judge on a motion for a new trial; and in that case the principle upon which these decisions rest is explained, that such questions do not arise until the verdict has been rendered, and, unless the trial judge is thereafter given an opportunity to rule upon them by a motion for a new trial, there has been no error in that respect for us to review here. The principle and the stated reasons include an assignment that the verdict is inadequate in amount. The second reason is that there is not sufficient competent evidence in the record in behalf of the stated assignment to support it, even if it could be now considered; the evidence relied on being that which has included in the estimate of damages the element of detriment simply because of the location of the highway within the immediate vicinity of the property, which, as we have already stated, is not a proper element to be added in the case.

Affirmed on cross-appeal; reversed and remanded on direct appeal.