535 So.2d 1349 (1988)
Jimmy Earl DYKES
v.
STATE HIGHWAY COMMISSION OF MISSISSIPPI.
No. 57657.
Supreme Court of Mississippi.
November 30, 1988.
Rehearing Denied January 25, 1989.
*1350 Louie M. Bishop, Waynesboro, for appellant.
Mark S. Howard, Waynesboro, Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Kennety E. Crawford, Sr., Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and ZUCCARO, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On May 28, 1986, the State Highway Commission of Mississippi filed its application to condemn 11.92 acres of land belonging to one Jimmy Earl Dykes. The purpose of the taking was to provide a right-of-way for the proposed widening of Highway 84 into four lanes in Wayne County, Mississippi. The Commission took frontage along the existing two lanes of U.S. Highway 84 for a distance of 2,135 feet and with a depth of approximately 240 feet along the entire 2,135 feet. After trial in the Circuit Court of Wayne County, Mississippi, on July 10, 1986, at which time the appellant and appellee put on differing proof as to the value of the land taken, the jury returned a verdict of $10,000.
Feeling aggrieved by the verdict of the jury, Mr. Dykes appeals and assigns four assignments of error:
I. That the Trial Court Erred in Permitting Evidence to be Introduced, After Objections of the Appellant, of Benefits to be Derived by the Appellant to His Remaining Property because of the Construction of the Proposed New Highway Bordering the Remaining Property of the Appellant.
II. That the Trial Court Erred in Permitting the Appellee's Counsel to Argue to the Jury that the Jurors were Taxpayers of this State and that the Highway Department was Working for Them.
III. That the Trial Court Erred in Failing to Order an Additur or as an Alternative in Failing to Grant a New Trial.
IV. And for Other Errors to Be Assigned Upon a Hearing Hereof.
Finding merit in assignment of error number two, we reverse because the Commission was allowed to argue to the jury that they were taxpayers "and the Highway Department is more or less working for you as citizens." We also feel it appropriate to address certain issues raised in assignment of error number one because they may well arise upon re-trial; however, we do not find it necessary to address assigned errors three and four.

STATEMENT OF THE FACTS
Appellant, the State Highway Commission of Mississippi (hereinafter "the Commission") filed its petition against the Appellant, Jimmy Earl Dykes (hereinafter "Dykes") to condemn 11.92 acres of land for the purpose of the construction of an additional two lanes on U.S. Highway 84 in Wayne County, Mississippi. The proposed new highway took Dykes' frontage along the existing two lanes for 2,135 feet, with a depth of approximately 240 feet.
In calculating the total acreage, a disagreement arose between the appellant's and the appellee's witnesses as to the total amount. The appellee's witnesses stated that there were 50.69 acres in the plat. Appellant claimed that there were 56.0 acres. Despite this discrepancy, both parties described the land as rolling hills and hollows  typical Wayne County property  with seasonal streams, not much water, and with underground drainage structures. *1351 The property is located 5.5 miles from the City of Waynesboro, about three miles from Beat 4 School, and about three miles from Maynor Creek Reservoir. The land and area is served by the Whistler Water Association, a community water association.
A history of the property reveals that Dykes had owned the land since 1958. During that time, he had sold only one acre, in the northwest corner, in 1961 or 1962 for residential purposes. In the immediate area, new churches and residences have been built in the past years. The existing black-top road on U.S. Highway 84 serves as a street entrance for the schools, churches and residences.
Reviewing the surrounding area, Mr. Jerry Wallace, an appraiser for the Commission for approximately 13 1/2 years, testified that the highest and best use of the property was for growing timber. Mr. Wallace felt that the land taken and the remaining land was of the same value per acre. He was of the opinion that the total value before taking was $37,520, and that the remaining value after the taking was $29,645. Consequently, he believed that just compensation for the property taken was $7,875.
Contrary to this view, James N. Jeffcoat, a real estate appraiser and broker from Laurel, Mississippi, testified that the highest and best use of the property taken was for residential purposes. Mr. Jeffcoat believed that the 56 acres was worth $88,056 before the taking, the sum of $52,896 after the taking, and that just compensation was $35,760.
At the trial, over the objection of Dykes, evidence was offered to the jury of the proposed benefits to Dykes from the construction of the highway. More specifically, the Commission showed that appellant's highway frontage would be increased by an additional 210 feet. The Commission also brought into evidence proposed new driveways to provide access to Dykes' property. After hearing all the evidence, a duly empaneled jury returned a verdict in the amount of $10,000 in favor of Dykes, as "just, full, due and adequate" compensation due for the acquisition of the 11.92-acre tract by the Commission for public use.
Appellant's Proposition I.
That the Trial Court Erred in Permitting Evidence to be Introduced, After Objections of the Appellant, of Benefits to be Derived by Appellant to His Remaining Property because of the Construction of the Proposed New Highway Bordering the Remaining Property of the Appellant.
Dykes complains that the trial court was mistaken in allowing testimony of benefits that Dykes would derive from the construction of the proposed new highway. Dykes contends, "[t]here was evidence presented to the jury that the appellant would not only have the same footage as along the old highway, but that the footage would increase by 210 feet." In addition to the testimony concerning the additional frontage, the Commission also introduced evidence of proposed new driveways to Mr. Dykes' property.
In pointing out the lower court's alleged error, Dykes directs this Court's attention to § 11-27-21 Miss. Code Ann. (1972), which reads as follows:
In determining damages, if any, to the remainder if less than the whole of a defendant's interest is taken, nothing shall be deducted therefrom on account of the supposed benefits incident to the public use for which the petitioner seeks to acquire the property.
In support of this position set out by the Code, Dykes also cites State Highway Commission v. Chatham, 173 Miss. 427, 161 So. 674 (1935), where this Court stated:
It often happens that a resident property, as in the case before us, is substantially hurt in value by the location of a railroad or hard surface public road adjacent to the property. It more often happens that the value of the property adjacent to such public highway is enhanced thereby, but the rule in this state is familiar to all that when a part of the property so enhanced in value is to be taken for public improvement, no deduction *1352 is to be made out of the value of the remainder not taken.
Dykes cites us to similar holdings in Brown v. Beatty, 34 Miss. 227; Isom v. Mississippi Railroad Co., 36 Miss. 300; Penrice v. Wallis, 37 Miss. 172; New Orleans J. and G.N.R. Company v. Moye, 39 Miss. 374; Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940); Pearl River Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965).
Upon reading the record with some care, it appears the Commission attempted to place into evidence and pound home facts concerning the enhancement of Mr. Dykes' remaining property.
In considering the actions of the trial judge for allegedly improperly admitting this evidence, this Court turns to the reasoning in State Highway Commission of Mississippi v. Havard, 508 So.2d 1099 (Miss. 1987):
The before and after rule "swallows and absorbs" all specific elements of damages.
None of this means that witnesses may not be questioned regarding the specifics of the impact of the taking upon the value of the property. Indeed, the fair market value of the remainder of the property following the taking is as a matter of common sense a product of the influence that numerous specifics respecting the taking may have in the market place. Accordingly, witnesses may testify concerning any specific quality, item or change in the property or its attributes, so long as this is ultimately related to the value of the property remaining after the taking.
Id. at 1101. Under Havard, the trial judge was correct at this point in allowing in the testimony in connection with the new driveways or new pavement, as well as the additional frontage from the construction of the new highway. Notwithstanding our finding that the evidence was marginally proper in showing the before and after condition of the property, we caution the lower court upon re-trial not to allow repetitive statements in connection with the enhancement of the value of the remaining property. At several points in the record, counsel for the Commission was allowed to "pound home" the fact that Mr. Dykes would be enhanced by the construction of the new highway. While not being reversible error here, upon re-trial we presume this will not recur.
Appellant's Proposition II
That the Trial Court Erred in Permitting the Appellee's Counsel to Argue to the Jury that the Jurors were Taxpayers of this State and that the Highway Department was Working for Them.
In arguing this assignment of error, Dykes points to the following closing remarks by appellee's counsel:
We say and submit to you and request that you return a verdict in this court awarding damages to Mr. Dykes in the amount of $7,875.00 which will fairly and adequately compensate him for the State Highway Department appropriating his land for public use. Everybody will benefit, the citizens, of course, of the state, the taxpayers, the travelling public, will all drive up and down this four-lane highway. [emphasis added]
The Commission's statements were objected to and overruled by the court.
In addition to the foregoing remarks, the attorney for the Commission also stated:
As I say, we are not out to cheat Mr. Dykes or rob Mr. Dykes of anything because the Highway Department is a governmental agency of the state and you are citizens and taxpayers of the state, and the Highway Department is more or less working for you as citizens. [emphasis added]
Reviewing these statements, Dykes says, "[i]t is our contention that these remarks were made for one purpose and one purpose only. That one purpose was to inflame and prejudice the minds of the jury against the appellant." In support of that position, Dykes cites Mississippi State Highway Commission v. Hall, 252 Miss. 863, 174 So.2d 488 (1965), wherein this Court stated:

*1353 Condemnor's argument relating to taxpayers and jurors whose money would be spent in locating highway was improper... . Inflammatory language which was calculated to mislead the jury and has no relation to issue of facts is condemned.
Therefore, Dykes asserts that the remarks were inflammatory and constitute reversible error. The Commission admitted this error in oral argument, but says it was unintentional and harmless. Considering both arguments, this Court is unpersuaded by the Commission's argument, and are unable to say that such error was harmless.
Reviewing the record, this Court takes note of the Commission's closing argument. On page 252 of the record, which was about midway into counsel for Commission's closing argument, counsel makes reference to the jury as taxpayers of the State of Mississippi, wherein counsel for the Commission argued:
Now, ladies and gentlemen, we have heard a lot of testimony here today concerning different valuations different people place on their property. Mr. Dykes, of course, owns the property and I can certainly understand and sympathize with Mr. Dykes as someone who does not want to sell his property. Ladies and gentlemen, the desire not to sell your property is not an element of damages in this case. As the judge explained to you, these eminent domain proceedings are provided for by law. If we didn't have these type laws, eminent domain, then we probably would have no highways in this state or if we did they would just zigzag and ricochet off of everything, (unintelligible) and, as I say, we are not out to cheat Mr. Dykes of anything because the Highway Department of Mississippi is a governmental agency of this state and you are the citizens and tax payers of this state, and the Highway Department is more or less working for you as citizens.

Counsel for the Commission's remarks concerning the jurors as taxpayers could well serve the purpose of prejudicing the jury in their decision concerning the amount the state should award Mr. Dykes for his property. More specifically, he was urging the jury to hold on to their "hard earned" tax dollars.
Although we might have been persuaded to believe that counsel was caught up in the heat of the moment, this Court cannot ignore his persistency in playing on the jury's emotions as taxpayers. At page 257 of the record, the Commission's attorney again makes reference to the taxpayers'/jurors' use of this new road:
We say and submit to you and request that you return a verdict in this court awarding damages to Mr. Dykes in the amount of $7,875.00, which will fairly and adequately compensate him for the State Highway Department appropriating his land for the public use. Everybody will benefit, the citizens, of course, of the state, the tax payers, the traveling public, will all drive up and down this four lane highway.

At this time, Mr. Bishop, counsel for Mr. Dykes, finally objected to Mr. Howard's continuous belaboring of this point, which objection was overruled. This issue is thus preserved for appeal.
In reviewing Mr. Howard's closing argument, we then turn to Mississippi State Highway Commission v. Hall, supra, where we stated:
Statements of counsel for both appellant and appellees at bar, which were made to the jury, could not have been uttered except for the purpose of inflaming the jury. The statements of appellant's attorney related to taxpayers and applied to the jurors as taxpayers, whose money would be spent in locating the highway. The statements made by the appellee's attorney related to the fact "they do not let a jury say how much will be sent off to foreign countries." The desired result of these statements was that the minds of the jurors would be inflamed and prejudiced. Such summation is outside the record and has no proper place in presenting to a jury the basic question of damages sustained in an eminent domain suit... . We condemn the use of inflammatory language calculated *1354 to mislead the jury and which has no relation to the issues of fact which are being presented to the jury for determination.

Id., 174 So.2d at 493-94. Obviously, the Commission, as the parties in Hall, argued that the jurors are citizens and taxpayers of this state. More specifically, counsel is alluding to the fact that the Mississippi State Highway Department was working for the jurors. It is apparent that these statements were for the purpose of inflaming the minds of the jurors. Therefore, the results of these statements may well have had a devastating effect upon Mr. Dykes receiving just compensation. This Court finds that the lower court was incorrect in allowing this argument before the jury and such amounts to reversible error under the facts in this case.

CONCLUSION
Having reviewed the record and contentions of the appellant and appellee, we hold there was error of reversible proportions committed by the trial court in allowing continued reference to the jurors as taxpayers over the objection of appellant, which may well have inflamed the minds of the jurors against appellant and which substantially denied him just compensation. Accordingly, we reverse the order of the Circuit Court of Wayne County, Mississippi dated July 15, 1986, denying appellant a new trial, and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.